## CHARLESTON.

Hays *v.* Freshwater *et al.*

47 217
52 329

Submitted June 8, 1899—Decided December 2, 1899.

1. Executors—*Surcharging Accounts—Laches.*

    J. M. C., by his last will and testament, appointed two executors, who qualified, and entered upon their duties, and made the first settlement of their accounts on the 13th of December, 1883, and the second settlement on the 16th of June, 1888. After the death of one of the executors, H,. one of the distributees under said will, at October rules, 1894, filed her bill to surcharge and falsify said accounts. The

laches of plaintiff are so great in the circumstances that the relief prayed for will be denied. (p. 219).

2   WILL—*Construction.*
    The cardinal rule for the construction of a will is to ascertain the intent of the testator from the entire instrument. (p. 223).

3.   ADVANCEMENTS—*Interest—Distribution.*
    Where a testator, in his will, makes advancements to his children, and directs that they shall be charged interest thereon, it is proper to charge such interest in making distribution of his estate. (p. 225).

Appeal from Circuit Court, Hancock County.

Suit by Virginia B. Hays against E. A. Freshwater and others. Decree for plaintiff, and defendant Freshwater appeals.

*Affirmed.*

JOHN R. DONEHOO and MELVIN & EWING, for appellant.
PALMER & THOMAS, for appellee.

ENGLISH, JUDGE,

On the 27th day of April, 1878, James M. Campbell, of Butler, Hancock County, West Virginia, made his last will and testament, and appointed his brother, George W. Campbell, and his son-in-law, E. A. Freshwater, executors thereof, and on December 1, 1880, he added a codicil thereto. After the death of said James M. Campbell, said executors qualified, and gave bond, and took upon themselves the duties attending the administration of said estate, and continued to act as such executors jointly until some time in the year 1890, when said George W. Campbell died, and R. H. Campbell and Howard N. Campbell were appointed and qualified as his executors. After the death of said George W. Campbell, nearly all of the business connected with the settlement of the estate of said James Campbell was transacted by said E. A. Freshwater, surviving executor of said last will and testament. On the 13th of December, 1883, said George W. Campbell and E. A. Freshwater made a settlement of their accounts as such executors before a commissioner of the county court of Hancock County, finding a balance due said estate as of September 17, 1883, of one thousand, three hundred and

forty dollars and eighteen cents, which report was unex-
cepted to, and was, on the 4th day of February, 1884, con-
firmed by the county court of said county. Said execu-
tors again made a settlement of their accounts before the
same commissioner on the 16th day of June, 1888, who
found a balance 'due said executors of five dollars and
seveny-four cents. On the first Monday in October, 1894,
Virginia B. Hays, a daughter and legatee of said James
M. Campbell, filed her' bill in the circuit court of Han-
cock County, having for its object a settlement of the ac-
counts of E. A. Freshwater as surviving executor of said
James M. Campbell, and of R. H. and Howard N. Campbell,
executors of the last will and testament of George W. Camp-
bell, deceased, to surcharge and falsify the accounts of E.
A. Freshwater and George W. Campbell which had been
settled before a commissioner, and to recover such balance
as might be found in the hands of the said surviving ex-.
ecutor, R. H. and Howard N. Campbell, executors of said
George W. Campbell, deceased, and seeking a construction
of said will. To this bill the appellant E. A. Freshwater,
as executor of James M. Campbell, filed his demurrer,
claiming therein that so much of said bill as sought to
surcharge and falsify said first settlement of accounts
made by said executors was barred by the laches of the
plaintiff, more than ten years having elapsed between the
date of said settlement and the commencement of this suit;
and also demurred to so much of said bill as relates to said
second settlement, because more than six years had
elapsed between the date of said second settlement and
the commencement of this suit; and for other reasons
assigned,—which demurrer was overruled, and the defend-
ants were ruled to answer. On the 5th of December, 1874,
said Freshwater, executor, as aforesaid, filed his separate
answer to complainant's bill, claiming therein that the
plaintiff was barred by her laches from surcharging and
falsifying either of said accounts settled as aforesaid, and
assigned other reasons why the plaintiff's bill could not
be maintained, and put in issue the material allegations of
the plaintiff's bill. R. H. and Howard N. Campbell execu-
tors of George W. Campbell, also filed their answer, rely-
ing on the laches of the plaintiff, stating various reasons

why the plaintiff's bill could not be maintained, and putting in issue the material allegations of the plaintiff's bill. On the 24th of July, 1895, the cause was heard upon the bill and answers together with the papers theretofore filed. The court, proceeding to construe said will, held that the plaintiff was entitled to have the accounts of E. A. Freshwater and George W. Campbell, executors, and the accounts of E. A. Freshwater, surviving executor, restated and settled to conform to the construction placed upon said will by said decree, and directed that the cause be referred to a commissioner of the court to restate and settle said accounts, with leave to either party to surcharge and falsify the settlements of the accounts as already made by said executors. In pursuance of this decree an account was taken, and reported to the court, which was excepted to by said executors for various reasons, and on the 11th of April, 1896, a decree was entered in said cause sustaining some of the exceptions to said report and overruling others, ascertained the sums which it considered properly chargeable to the devisees of James M. Campbell as advancements, and also the amount which the plaintiff, Virginia B. Hays, was entitled to as a devisee of James M. Campbell; also found the balance in the hands of E. A. Freshwater, executor, on November, 1893, was two thousand one hundred and forty dollars and seventy-five cents, and directed that, so far as the said R. H. and Howard N. Campbell, executors, as aforesaid, should pay the amounts therein recovered by Virginia B. Hays and Hannah G. Miller, or either of them, they, the said executors of George W. Campbell, should be reimbursed, and recover against said E. A. Freshwater, not exceeding the sum of two thousand one hundred and forty dollars and seventy-eight cents, and interest thereon from the 15th of November, 1893; and from this decree the defendant Freshwater, executor, etc., obtained this appeal.

The first error assigned and relied upon by the appellant is claimed to have been in the action of the court in its decree of November 15, 1894, overruling appellant's demurrer to the plaintiff's bill: First, because the settlement made in 1883 by appellant and his co-executor was regular, and regularly confirmed, and, having remained un-

challenged for more than ten years before the institution of this suit, plaintiff was barred by her laches from surcharge or falsification of any part of it; secondly, for the reason that, their second settlement, having been made in June, 1888, more than six years before the commencement of this suit, a similar bar is raised. Our Code (c. 87, s. 22), speaking of the report of settlements of accounts of fiduciaries, says: "The report to the extent to which it may be so confirmed shall be taken to be correct, except so far as the same may in a suit in proper time be surcharged or falsified." Now, it appears, as we have seen, that the executors of the estate of James M. Campbell, deceased, settled their accounts as such before a commissioner on the 13th of December, 1883, which settlement was confirmed by the county court December 23, 1883, and this suit was not instituted until October, 1894. This first settlement was unexcepted to, and dealt with all the items that are now sought to be surcharged and falsified. A second settlement was made, as before stated, on June 16, 1888, which was retained by the commissioner for ten days for exceptions, but which remained unexcepted to. The balance found due from said executors on the first settlement was one thousand three hundred and forty dollars and eighteen cents. In the second settlement the executors are charged with this amount, and the interest collected at different times on three thousand dollars, invested for the benefit of the widow of said James M. Campbell, and the interest on nine hundred and ninety-nine dollars and thirty-nine cents used by E. A. Freshwater, one of the executors, for three years and four months; and they were credited with certain amounts disbursed by them, ascertaining a balance in favor of said executors of five dollars and seventy-four cents. Now, the only criticism made upon this second settlement of accounts appears to be that the same was not made in the time required by law, and for that reason said executors should not be allowed commissions; and because it does not charge the proper balance carried over from the former settlement, which balance should be corrected in the manner indicated in the objections raised to the first settlement; so that it appears that the entire effort to surcharge and falsify said accounts was directed

against the items charged in the first settlement, with the
exception of the objection to the commissions charged in
the second settlement on the ground that the settlements
were not made in time. Was this suit instituted in time
to raise these questions? It has become a maxim that
equity favors the vigilant, and looks with discountenance
upon stale demands, and it has been frequently held that
long delay, and sometimes a delay less than the period of
the statute of limitations, will be treated as laches suffi-
cient to deny the aid of equity. As was said by Lord Cam-
den in *Smith* v. *Clay*, 3 Brown, Ch. 640, note: "A court
of equity, which is never active in relief against conscience
or public convenience, has always refused its aid to stale
demands where the party has slept upon his rights, and
acquiesced for a great length of time. Nothing can call
forth this court into activity, but conscience, good faith,
and reasonable diligence. Where these are wanting, the
court is passive, and does nothing. Laches and neglect
are always discountenanced." So, in the case of *Pusey* v.
*Gardner*, 21 W. Va. 470, this Court held (Syl., point 6)
that: "Even where there is no absolute bar from lapse of
time or by the statute of limitations, it is a principle of
courts of equity not to take cognizance of an equitable
claim after a great lapse of time; and where, from the
death of parties, and witnesses, there is danger of doing
injustice, and there can no longer be a safe determination
of the controversy." And in point 7: "Lapse of time,
when it does not operate as a positive statutory bar, oper-
ates, in equity, as an evidence of assent, acquiescence, or
waiver." See, also, *Bland* v. *Stewart*, 35 W. Va. 518, (14
S. E. 215); and *Bill* v. *Schilling*, 39 W. Va. 108, (19 S. E.
514). In the case of *Cranmer* v. *McSwords*, 24 W. Va.
595, this Court held that: "In a suit in equity to enforce a
purely equitable demand, the defense of the statute of
limitations can have no application, of itself or by analogy,
to any limitation in courts of law. Such cases must be de-
termined by courts of equity upon rules and principles of
their own. While in such cases laches and lapse of time
are elements which cannot be safely disregarded, they are
not always the most important considerations. Where the
lapse of time is less than twenty years, the most important

considerations in support of this defense generally are:
First, the death of the parties to the original transaction
to be investigated, or the intervention of the rights of third
persons; second, the loss of evidence when the transac-
tions are complicated so as to render it difficult, if not im-
possible, to do justice," etc. In the case under considera-
tion more than ten years had elapsed between the date of
the confirmation of the first settlement and the institution
of this suit, and more than six had elapsed since the last
settlement was made before the suit was brought. One
of the executors had died, and the suit had to be defended
by his executors, who were necessarily unacquainted with
many of the transactions. Under the provisions of the
will, as understood by the executors, it appears they pro-
ceeded to administer the estate without reference to the
three thousand dollars, directed to be loaned out and the
interest applied to the support of the widow, the appellee
herself receiving a considerable portion thereof, so far as
appears, without objection, and, after acquiescing in the
distribution thus made by the executors for so many
years, she files her bill, praying another and different dis-
tribution, at variance with the settlements made by said
executors, when they were both in life.

### ON REHEARING.

After hearing the arguments, I am led to the conclusion
that the plaintiff is entitled to a construction of the will,
and especially the fifth clause thereof, in pursuance of her
prayer asking therefor. The cardinal rule in construing
a will is to seek from the entire instrument the intention
of the testator. The law is stated thus in *Hinton* v. *Mil-
burn's Exr's*, 23 W. Va. 166: "In the construction of a
will the intention of the testator is to be ascertained by
taking the whole will together. * * * The manifest in-
tention must have effect, unless some rule of law is violated
thereby." And in *Couch* v. *Eastham*, 29 W. Va. 784, (3
S. E. 23), this Court held that: "When the language of the
testator is plain, and his meaning clear, the courts can do
nothing but carry out the will of the testator, if it be not
inconsistent with some rule of law." Now, when this will
is examined, it is found that the testator, after providing

for the payment of his just debts and funeral expenses, and making certain provisions for his widow, in the third clause says, "To my children (naming them) I bequeath equal portions of my estate, share and share alike," after speaking of certain advancements he had made and intended to make. In the fourth clause he says, "I hereby authorize and direct my executors to make such disposal of the balance of my personal property not herein bequeathed as shall cause my heirs to share and share alike in the same," and in the fifth clause he directs that the sum of three thousand dollars, which was to be placed at interest for the benefit of his wife, should, at her death, be equally distributed among his heirs therein named. So, the testator in several places clearly manifests his intention of dividing his property equally among his children therein named, and the intention should be carried out, if possible. The said sum of three thousand dollars seems to have been loaned out by the testator to create an annuity for the benefit of his wife, and, the party to whom it was loaned becoming involved, some labor and expense was necessary in collecting the same; and, in fact, the sum was reduced to some extent by the cost of its recovery. The question which now presents itself for solution is: What must be regarded as the share of the plaintiff in the estate of James M. Campbell; and, if she has not already received it from the hands of the executors, can she require its payment out of said three thousand dollars, loaned for the benefit of said widow? Looking at the entire will for the intention of the testator, we must hold that at the death of the widow this three thousand dollars became a general fund in the hands of the executors, to be distributed as the other personal estate; and if, in the distribution made by the executors, which may be ascertained by reference to their accounts, settled as aforesaid, or by extraneous evidence, it is found that the appellee has not received what she was entitled to under the provisions of said will, she can recover from the executors whatever balance may be found due her out of the assets in their hands. The court, in its decree directing an account in this cause, held that the plaintiff was entitled to have the accounts of Freshwater and Campbell, executors of James M. Camp-

bell, deceased, and the accounts of Freshwater, surviving executor, restated and settled to conform to the construc-tion of the will therein made, and referred the cause to a commissioner to settle said accounts, with leave to either party to surcharge and falsify the settlements as already made by said executors; and that said settlements should be regarded as prima facie correct, except so far as they might not conform to the construction of the will an-nounced in said decree. This, as before stated, we regard as error, under the rulings of this Court in *Bland* v. *Stew-art* 35 W. Va. 518, (14 S. E. 215), *Pusey* v. *Gardner*, 21 W. Va. 469, and *Trader* v. *Jarvis*, 23 W. Va. 100. Under these authorities the laches of the plaintiff would prevent her from surcharging the first two settlements made by the executors. Under this decree the commissioner proceeded to settle said account, but did not surcharge in any mate-rial manner the former settlements made by said executors, and the appellants are not prejudiced by the action of the commissioner in that regard, or by the decree allowing said accounts to be surcharged and falsified. In ascertain-ing the amount the respective parties were chargeable with by way of advancement, the commissioner charged interest on the amount received from the date of its recep-tion, and, while the general rule is that interest is not charged upon advancements during the life-time of an in-testate, as held in this Court, in *Kyle* v. *Conrad*, 25 W. Va. 760, and *Knight* v. *Yarborough*, 4 Rand. 569, yet where a testator, in his will, directs interest to be charged on ad-vancements, it is proper to do so. See 1 Am. & Eng. Enc. Law, 785; also, *Treadwell* v. *Cordis*, 5 Gray, 341; *Nicholas* v. *Coffin*, 4 Allen, 27.

It is also claimed that the court erred in decreeing that the executors of G. W. Campbell recover against appel-lant such sum, not exceeding two thousand one hundred and forty dollars and seventy-eight cents, as they might pay of the amount recovered against them and appellant, there being no allegation in the bill, and no proof warrant-ing such recovery, on the ground that there can be no de-cree between co-defendants unless the equities between the defendants arise out of the pleadings and proofs be-tween the plaintiff and defendant. The proof in this

case, however, shows that this money was paid over to Freshwater by his co-executor, and was in his hands as part of the assets, and for that reason I regard the decree correct.

The only remaining error is in regard to the commissions which the commissioner refused to allow the executors, which action was confirmed by the court. The statute being so imperative that commissions shall not be allowed where personal representatives fail to make their settlements in proper time, we cannot disturb the decree in that respect, and for these reasons the same is affirmed.

*Affirmed.*