# CHARLESTON

BENTLY  *et al. v.*  ASH *et al.*

Submitted January 30, 1906.   Decided April 17, 1906.

1.  WILLS—*Construction—Devisees*.

    H. K. made his will devising his real estate share and share alike to his seven children and relative to his devise to one of them, who had one child living at the date of the will as well as the date of the testator's death, the following provision was made: "But the share that I will and bequeath to my daughter, Emmazetta Bently, late Emmazetta Knight, it is my express will and desire and I hereby give the same to her and her child or children, to be held by them free from the claim or claims of control of her husband, and the same shall be held and enjoyed—the said Emmazetta Bentley and her child or children, as her or their separate estate, and that the said Bently shall not have or exercise any control over the same directly or indirectly, in any manner whatever." Held: That not only the child living at the date of the will and at the time of testator's death, but all children born to E. thereafter, took each in fee equally under the will with E. the mother.  (pp. 646, 647, 648.)

Appeal from Circuit Court, Cabell County.

Bill by Lafayette Bently and others against Stephen J. Ash and others.  Decree for plaintiffs and defendants appeal.

*Modified and Affirmed.*

SWITZER & WIATT, for appellants.

WYATT & GRAHAM, for appellees.

McWHORTER, PRESIDENT:

Henry Knight of Cabell County made his will devising his real estate to his seven children share and share alike as near in quantity and value as the same could be divided; and as to his daughter Emmazetta, wife of William Bently, he made the following provision: "But the share that I will and bequeath to my daughter, Emmazetta Bently, late Emmazetta Knight, it is my express will and desire and I hereby give the same to her and her child or children, to be held by them free from the claim or claims of control of her said husband, and the same shall be held and enjoyed—the said Emmazetta Bently and her child or children, as her or their separate estate, and that the said Bently shall not have or exercise any

control over the same directly or indirectly, in any manner whatever."

A partition of the real estate was had and 114 acres of said land set apart to Emmazetta Bently as her one-seventh of the real estate, and on the 1st day of August, 1877, John B. Laidley, special commissioner appointed for that purpose in the partition suit, executed to said Emmazetta Bently (nee Knight) a deed for the parcel of 114 acres of land so set apart to her. She entered into possession of said land after the conveyance to her by said special commissioner and she and her husband, William H. Bently, conveyed said land in small tracts to various parties.

On the 20th day of May, 1903, Lafayette Bently, Della McDermitt (nee Bently), Wilson Bently, William H. Bently, Albert Bently, Sarah M. Bently, Maggie Bently, Bonnie Lee Bently, Margarette Bently and Billie Barlow Bently, infants who sued by their next friend William H. Bently, sued out their subpoena in chancery against Stephen J. Ash, W. J. Robinson, James W. Floyd, Wilson Floyd, J. D. Ash, William H. Harvey and William Clark, the holders of the several parcels of land under the conveyances so made by said Emmazetta Bently and W. H. Bently her husband, and at the June rules, 1903, filed their bill of complaint against said parties named as defendants: alleging the making of the will by said Henry Knight, and the fact of the partition of the real estate left by him and the setting apart of 114 acres thereof to Emmazetta Bently and the conveyance by her and her husband, W. H. Bently, of the said 114 acres in small parcels to various parties; alleging that the land set apart to said Emmazetta Bently, the mother of all the plaintiffs except W. H. Bently her husband, was their land except one-eleventh, claiming the same under said will, that their mother was entitled to one-eleventh and the plaintiff W. H. Bently the husband of Emmazetta and the father of the other plaintiffs was the legal heir of the deceased child Naoma Bently; praying a construction of the will and that they might be declared the rightful devisees under the will of their proportionate part, and that the deeds mentioned in the bill purporting to convey the land set apart to Emmazetta and the plaintiffs might be cancelled and held for naught so far as the same affected the interests of the plaintiffs, that the

cause be referred to a commissioner to ascertain the value of rents, issues and profits of said various tracts for the last five years and that their proportionate share thereof be decreed to them, and for general relief.

On July 25, 1903, the defendants all having been served with process and failing to appear, answer or plead to said bill, the same was taken for confessed as to all the defendants and being submitted to the court the court ascertained that the plaintiffs, the children of Emmazetta Bently, were equal devisees with their mother under the will of Henry Knight and that each was entitled to one-eleventh part of the real estate devised to the mother and held under said will and that the share of Naoma Bently, deceased, descended to her father, W. H. Bently, one of the plaintiffs to this suit; and it was further adjudged, ordered and decreed that the deed from Laidley commissioner to Emmazetta Bently for the 114 acres be set aside and also that all the other deeds mentioned in the bill "purporting to convey in different quantities to different parties the said 114 acres of land should be cancelled, set aside and held for naught so far as the same affects the interest of said children and their rights under the said will of their grandfather said Henry Knight," and proceeded to set aside all the said deeds described in the said bill "so far as the same effects the interests of said children and grand children under the will of said Henry Knight;" and decreed that the interest of Naoma Bently, one of the children who had died, descended to her father as her sole heir who was entitled to that portion devised to her by said will, being an undivided one-eleventh part; "and that each of said children is entitled to an undivided one-eleventh of said 114 acres;" and referred the cause to a commissioner to ascertain whether the said 114 acres was susceptible of partition among the parties entitled thereto and to ascertain further the value of the said 114 acres and the rental value of the various tracts comprising the same and "what would be a fair compensation to each of said nine children and to the said W. H. Bently for the land devised (conveyed) away from said children by their mother and her husband."

The commissioner filed his report ascertaining that Emmazetta Bently took under the will of the estate in fee one-eleventh of the 114 acres; the husband and father W. H.

Bently by inheritance as the heir of two of the deceased children two-elevenths in fee; and the eight living children each one-eleventh; and that the 114 acres as a whole was worth from $800 to $1000 and was incapable of partition into eleven tracts and fixed the rental value of the various tracts which had been conveyed by Emmazetta Bently and her husband ; and reported that, "If the contention of the plaintiffs in this matter is correct and sustained, then the husband's 2-11 and the wife's 1-11 of the estate would inure to the benefit of these several vendees, and only 8-11 of the rents, issues and profits should be recovered."

To the commissioner's report plaintiff excepted to the effect that the vendees should not take the 2-11 which afterwards came by inheritance to their grantor W. H. Bently, that at the time of the conveyance the grantor Bently had no interest except his contingent curtesy which was all the grantees purchased. And the defendants made the following objection and exception to the said report: "The defendants object and except to that part of the foregoing report which finds that the plaintiffs or either of them have any interest whatever in and to the tract of land of 114 acres in controversy in this suit.—That the finding of the Commissioner in that regard is wholly contrary to the law and the evidence, and the defendants have a good and complete title in fee simple to the several parcels of land purchased by each of them respectively as set out in the papers in said cause. This December 10th, 1903."

On January 9, 1904, the cause came on again to be heard upon the motion of the defendants to set aside the decree rendered in the cause on the 25th day of July, 1903, which motion was argued by counsel for plaintiffs and defendants and the motion was overruled by the court and the cause was heard upon the report of the commissioner made in pursuance of said decree and upon the exceptions to the same filed by the plaintiffs and the defendants. An exception made to said report which quoted from the will certain language, the court ascertained that the quotation from said will by the commissioner was that in reference to the disposition of the personal property and not of the real property and therefore sustained the exception and overruled the other exceptions of the plaintiffs and the defendants and confirmed and approved

the report after correcting the same by sustaining the said exception of plaintiffs. "The Court doth therefore adjudge, order and decree, that according to the proper construction of the last will and testament of Henry Knight, deceased, the tract of one hundred and fourteen acres of land conveyed by J. B. Laidley, Commissioner, to said Emmazetta Bently by deed bearing date the first day of August, 1877, and described as follows:" (describing by metes and bounds of two tracts of land, one containing 78 acres and the other 36 acres) . "being together one hundred and fourteen acres is owned by the assignees of Emmazetta Bently and W. H. Bently, her husband, and Lafayette Bently, Della McDermitt (nee Bently) Wilson Bently, Albert Bently, Sarah M. Bently, Bonnie Lee Bently, Margarette Bently, and Billie Barlow Bently, children of said Emmazetta Bently and W. H. Bently as follows: The assignees of the said Emmazetta Bently owning one undivided one-eleventh of said one hundred and fourteen acres, and the assignees of the said W. H. Bently owning one undivided one-eleventh of said one hundred and fourteen acres; and Lafayette Bently, owning one undivided one-eleventh of said one hundred and fourteen acres, and the other children, namely Della McDermitt (nee Bently) Wilson Bently, Albert Bently, Sarah M. Bently, Bonnie Lee Bently, Margarette Bently, and Billie Barlow Bently, each an undivided one-eleventh thereof, and that said one hundred and fourteen acres should be divided among them accordingly ;" and it appearing from said report that the land was not susceptible of partition among the several owners the court decreed the sale thereof and gave judgment in favor of the children of Emmazetta Bently against the defendants for the several sums ascertained to be due from them respectively for their proportion of the rents, issues and profits of the several parcels held by them due to the said children and for costs of the suit. From which decree the defendants Stephen J. Ash, W. J. Robinson, James W. Floyd, Wilson Floyd, W. H. Harvey and William Clark appealed assigning as error the construction of the will giving to the children of Emmazetta Bently, who were born after the death of the said Henry Knight, their interest in the lands in controversy and in finding that the plaintiff, Lafayette Bently, had any interest or title to any part of said lands; that the court erred in re-

fusing to set aside the decree by default of July 25, 1903, and in referring the matter to a commissioner to ascertain the value of the 114 acres and whether the same was susceptible of partition among the parties; and in overruling defendant's exception to the commissioner's report and finding that the plaintiffs or any of them had any interest in the tract of 114 acres of land; and in decreeing a sale of the said land and the distribution of the proceeds thereof as the court might thereafter direct; and in rendering a judgment against the defendants for rents on the several parcels of land conveyed out of the said 114 acres.

The appellants failed to make any appearance by demurrer, answer, plea or otherwise other than to except to the commissioner's report and to make a verbal motion to set aside the decree of July 25, 1903 entered by default, nor have they filed a brief in the cause.

The main question for decision in this cause is the construction of the will, in one view of the case the defendants took nothing by their conveyances from Emmazetta Bently and her husband, W. H. Bently, except the one undivided eleventh in said land held by Emmazetta under the will of her father Henry Knight, and the two undivided elevenths held therein by the grantor W. H. Bently who inherited the same as sole heir at law from the two deceased children of the said Emmazetta and himself, and if this construction is right it renders other questions that might be raised on the record immaterial.    What was the intention of the testator Henry Knight in his devise to Emmazetta and her child or children?    In *Finley* v. *King*, 3 Pet. 346, Chief Justice Marshall said: "The intent of the testator is the cardinal rule in the construction of wills, and, if that intent can be clearly conceived and is not contrary to some positive rule of law, it must prevail."    Page on Wills, sec. 461, says: "The purpose of the court in construing a will is solely to ascertain the intention of the testator as the same appears from a full and complete consideration of the entire will."—Citing *Phayei* v. *Kennedy*, 169 Ill. 360; *Allen* v. *White*, 97 Mass. 504; *Stevenson* v. *Evans*, 10 O. S. 307; *Christy* v. *Christy*, 162 Pa. St. 485. "Intention is the life of a will, and when clear, and violates no rule of law, it must govern with absolute sway."—*McCamant* v. *Nuckolls*, 85 Va. 331; *Cresap* v. *Cresap*, 34 W. Va. 310.

The will bears date and was executed on the 25th day of March, 1875, and probated on the 20th day of the May following. At the date of the will Emmazetta had a child some five months of age, the testator knew of the existence of the child and was well aware of the probabilities of the birth of other children to the said Emmazetta and so expressed in his will clearly the intention of providing for any and all other children that might thereafter be born to his daughter Emmazetta to come in and participate in the provisions of his will. He says, "it is my express will and desire and I hereby give the same to her and her child or children;" that is, "to her and her child" in case she should have no other children but if there should be others born to her then to be held "by her and her children." The words "or children" were clearly added for the sole reason that the probabilities were that others would be born, and that they might take under the will with the one already in existence; then further on in the same sentence says, "and the same shall be held and enjoyed—the said Emmazetta Bently and her child or children, as her or their separate estate." That the testator intended that the child already born should take under the will is clear and there is no reason why he should provide for that one alone, when the probabilities were there would be others bearing the same relationship to him, and, to make it clear that such afterborn children should not be excluded, he added the words "or children." There can hardly be a question but that the testator intended to devise the land to his daughter Emmazetta and her then living child and to such other children as might thereafter be born to her; if he had intended to include only the child then living he would not have added the words "or children." He intended that each child should hold an interest in said land as his own "separate estate." In *Martin* v. *Martin*, 52 W. Va. 381, at page 393, it is said by JUDGE POFFENBARGER, speaking for the Court: "It is established that under a devise to a person and his children, he having no children at the time of the devise, neither a joint tenancy or tenancy in common between the parent and after-born children is created, unless by some other part of the will it appears that the testator so intended. But, if the devisee has a child at the time of the devise, such child will take an equal share with the parent. In such case the estate will open and

let in after-born children."—Citing *Hatterly* v. *Jackson*, 2 Str. 1172; *Moore* v. *Leach*, 59 N. C. 88; *Gay* v. *Baker*, 58 *Id.* 344; *Hunt* v. *Satterwaite*, 85 *Id.* 73; *Hampton* v. *Wheeler*, 90 *Id.* 222.

In the construction of a will every word it contains is to have its effect provided effect can be given it, not inconsistent with the general intent of the whole when taken together, and no word is to be rejected unless there cannot be a rational construction of the will with the word as it is found. *Graham* v. *Graham*, 23 W. Va. 36; *Ernst* v. *Foster*, 58 Kan. 438. Under the will of Henry Knight his daughter Emmazetta and her children each took in fee equal parts or undivided interests in the land devised and the vendees of Emmazetta and her husband took only the three undivided eleventh parts which their vendors were competent to convey, and this is given to them by the report of the commissioner which report in that respect is confirmed and approved by the decree, but evidently by inadvertence the decree departs from the report in this respect and gives to the plaintiffs all except two-elevenths, one held by Emmazetta and one held by the husband and vendor W. H. Bently as heir at law of one of his deceased children, when he in fact held two shares, there being two deceased children as reported by the commissioner and which was confirmed.

In this regard the decree will have to be modified so as to give to the appellants respectively three undivided eleventh interests in the several tracts claimed by them instead of two undivided elevenths as provided in the decree of January 9, 1904; and as so modified, the same will be affirmed with costs to the appellants as the parties substantially prevailing, and the cause is remanded for further proceedings to be had therein.

*Modified and Affirmed.*