# CHARLESTON.

JOHN PATTON, *Executor, etc. v.* VIOLA WELCH CORLEY *et als.*

(No. 6283)

Submitted April 23, 1929.     Decided April 30, 1929.

*Wm. T. George* and *Homer Strosnider,* for appellants.
*C. M. Murphy,* for appellee.

WOODS, PRESIDENT:

Samuel Welch died in 1885. By his last will (executed shortly before his death) he made several bequests to his daughters and gave a life estate in his farm (227 acres) to his two sons, James R. and Samuel O., dividing it equally between them. By the terms of the will the portion of the farm allotted to James R. was, on the latter's death, to be sold and the proceeds of sale to be equally divided "among the children of James R. Welch", and, on the death of Samuel O., it was directed that the portion of land allotted to him be sold, and that the proceeds of said sale "be equally divided among his children, should he have any, but if he dies with-

out issue, the proceeds of the sale of said land is to be equally divided among my grandchildren, except James R. Welch's children, they are to receive no share of the proceeds of the sale of the part of the land allotted to the said Samuel O. Welch.'' The life tenant, Samuel O. Welch, died in 1926, unmarried and without issue. Thereupon the surviving executor of the testator instituted the present suit praying that the several remaindermen and their respective shares be determined, and that he be given permission to sell the land and distribute the proceeds in accordance with the provisions of the will. The children of Dora Huston Trakington (a grandchild), who predeceased the life tenant, Samuel O. Welch, prosecute this appeal from an order of the lower court decreeing that only the grandchildren living at the time of the death of the life tenant took under the will.

A vested interest will pass on death, but a contingent interest will not. 2 Alexander Comm. Wills, section 989. So, the interest, if any, of the appellants here, rests on the question of whether or not their mother had a vested interest in the remainder at the time of her death.

On the death of a testator a beneficiary (1) may take an immediate interest in the property devised with the right to both title and possession, (2) may be vested with the title with the right to possession or enjoyment postponed until some future date, or (3) may take neither the title nor right of possession, both being dependent upon the happening of some contingency. In the first two instances the interests are ''vested'' in the sense that they will pass on death; in the third they are not so vested. In the instant case, however, we are confronted with the problem of determining whether the devise comes within the second or third classes. If within the second, the appellants' mother had a vested interest, otherwise, no. ''A vested remainder is a remainder limited to a certain person, and on a certain event, so as to possess a present capacity to take effect in possession, should the possession become vacant.'' 2 Minor's Inst. (2nd Ed.) 337. In discussing the various classes of contingent remainders, all the texts state that in case of a conveyance or devise to A for life, with remainder to his children, and if he die without

children, then to B, regarding B's estate as subject to the condition precedent of A's death without children, B's remainder is necessarily contingent, and does not vest until the happening of the condition precedent. 1 Tiffany Real Prop. (2nd Ed.) p. 490; 2 Minor's Inst. (2nd Ed.) 975. And it must necessarily follow that, if B represents a class, only that part of the class *in esse* at the time of the happening of the contingency would take. The trial court evidently considered the instant case analogous to the situation just cited, and so decided. But, was such a situation contemplated by the testator? What was his intention with respect to his "grandchildren"? Did he intend that those who survived their uncle, Samuel O., should take to the exclusion of the appellants' mother, who predecessed the life tenant? In other words, did he intend the estate to vest in the class as of his death, subject to be defeated on the happening of a certain contingency, or as of the death of the life tenant?

The law favors the vesting of estates. And though a devise be clearly conditional, the condition will be construed, when possible, as a condition subsequent, so as to confer an immediately vested estate subject to be divested on the happending of the contingency. *Suter* v. *Suter,* 68 W. Va. 690. All devises are to be construed as vesting at the testator's death, unless the intention to postpone the vesting is clearly indicated in the will. *Chapman* v. *Chapman,* 90 Va. 411. Our statute, section 10, chapter 77, Code, is to like effect. Bearing these principles in mind, let us consider the provisions of the will. The will, which was executed shortly before the death of the testator, shows on its face that James R. had children living, and that Samuel O. was unmarried and without issue. It likewise recognizes "grandchildren", other than James R.'s children—children of his several daughters. These grandchildren were undoubtedly considered on an equality with the children of James R. in the event Samuel O. died without issue. They were the present object of his bounty. The children of James R., as a class, took a vested remainder as of the death of the testator. And in order to show no undue favoritism for the children of James R., they

were excluded from further sharing in his property. We believe that under the circumstances surrounding the making of the will, the testator had in mind the taking of the property by those grandchildren *in esse* at the time of his death, subject to be defeated only in the event Samuel O. died with issue. We find a number of cases presenting situations analogous to the case under consideration, holding in effect that the remainder vested, subject to be defeated on the happening of a certain contingency. *Boatman* v. *Boatman,* 198 Ill. 414; *Vandewalker* v. *Rolins,* 63 N. H. 460; *Grosvenor* v. *Bowen,* 15 R. I. 549; *Farnam* v. *Farnam,* 53 Conn. 261. These cases, in so far as they are based on a construction of the instrument as showing an intent that the condition should not be a condition precedent, fully support our position here.

Being of the opinion that the testator intended the "grandchildren" to take a vested remainder at his death, we reverse the decree of the lower court and remand the cause.

*Reversed and remanded.*