WINFRED DAVIS *v.* ELLA DAVIS *et al.*

(No. 8489)

Submitted February 24, 1937. Decided March 9, 1937.

*C. E. Kimbrough, Sr.,* for plaintiff in error.
*J. D. Gronninger* and *Lee, Blessing & Steed,* for defendants in error.

HATCHER, JUDGE:

This is ejectment, decided adversely to the plaintiff upon stipulated facts. The pertinent stipulations are that the plaintiff is the sole heir of Will Davis, deceased, and claims the property as such heir through the will of D. D. Davis, deceased; that the latter died owning lots Nos. 17 and 18, each fronting 32 feet on Second Avenue and extending back 120 feet; that "the property in contro-

versy consists of the southern one-half of lot 17, * * * fronting 32 feet on Second Avenue and extending back in a northerly direction, a distance of 60 feet"; and that defendant, Ella Davis, is the widow of D. D. Davis, and defendant, Myrtle Dixon, is a tenant of part of the real estate in controversy. The pertinent items of the D. D. Davis will follow:

"Second: I give and bequeath to Will Davis, my son, a part of lots 17 and 18 located on Second Avenue, West Charleston, W. Va. (32 ft. wide and running back 60 ft.) also house on lots he now occupies.

"Third: I further desire that all my personal property be divided between my children by the executors who are as follows: Jessie Williams, Sarah Frazier, Geneva Davis, Dan Davis, Calvin Davis and Nathaniel Davis.

"Fourth: I give, devise and bequeath all the rest, residue and remainder of my estate to my wife Ella Davis.

"Fifth: I further desire that out of the rent collected from my estate, my wife, Ella Davis be provided for and all street assessment, taxes etc., be paid.

"Sixth: I desire further that everything stand as it is till after the death of my wife.

"Seventh: At the death of my wife it is desired that the property be equally divided between my children after all debts have been paid, as follows: Jessie Williams, Sarah Frazier, Geneva Davis, Dan Davis, Calvin Davis, and Nathaniel Davis."

The stipulated description of the land in controversy is apparently definite; but the stipulation does not state that the lot in controversy is the very indefinite "part of lots 17 and 18 * * * (32 ft. wide and running back 60 ft.)" attempted to be devised to Will Davis in the second item of the D. D. Davis testament. However, that question is waived by defendants, as well also as any shadow which the seventh item might throw across the devise to Will Davis. There is only one difference in testamentary construction between the parties; plaintiff contends that the devise to Will Davis is in fee simple

absolute; while defendants, conceding him a fee therein, would subject it to the life estate of Ella Davis. Plaintiffs would require the second item to dominate all the other items of the will. We cannot sanction this in view of repeated decisions that a will should be construed as a whole and all items be coordinated where possible. *Hinton* v. *Milburn*, 23 W. Va. 166; *Hays* v. *Freshwater*, 47 W. Va. 217, 34 S. E. 831; *Woodbridge* v. *Woodbridge*, 88 W. Va. 187, 106 S. E. 437. We are familiar with the rule that a clear testamentary gift is not to be cut down, except by another provision equally clear. *LeSage* v. *LeSage*, 52 W. Va. 323, 330, 43 S. E. 137. Here the language of the sixth item, that "everything stands as it is till after the death of my wife" is just as clear as the language of the second item. We know of no word more comprehensive than "everything"; and we perceive no reason why it should not be given its customary definition in the sixth item, and be construed to apply to all the testator's property. Consequently, we hold that the vesting of the Will Davis devise was post-poned until after the death of Ella Davis.

The judgment is

*Affirmed.*