The controversy is over the meaning and effect of the third clause in the will of Sherman G. Francisco, who died on April 13th, 1924. The will itself is brief. Clause 1 directs the payment of debts and funeral charges. Clause 2 reads as follows: "I give, bequeath and devise to my wife, Harriet Francisco, absolutely, the residence in which we now live, together with all the household contents therein." Clause 3, the one in dispute, is as follows: "I give and bequeath to my said wife, Harriet Francisco, the use, benefit and enjoyment of the income of the balance of my estate for and during the term of her natural life, and after her death, I give, bequeath and devise said residue of my estate, wherever and of whatever it may be to my next of kin in equal shares in fee." Clause 4 authorizes continuance of his business, and confers power to sell real estate and the testator's interest in the business, and invest the proceeds. Clause 5 appoints his widow and two others as executors and revokes former wills. The will is dated December 18th, 1908. There is a codicil of December 27th, 1918, which may be relevant to the present inquiry and the disposing part of which is as follows: "I hereby give and devise to my wife, Harriet Francisco, absolutely, the burial plot belonging to me located in Mount Hebron Cemetery.
"In all other respects I hereby ratify and confirm my aforesaid will."
The dispute is over the legal construction of the phrase "next of kin in equal shares in fee." The widow lived until August 10th, 1940, and of course enjoyed the user and income under Clause 3 until her death. When that occurred, the question arose as to who were (or was) the "next of kin" to whom the residue was left "in equal shares in fee." Testator left no children, but two brothers and the children of a deceased brother. One of the brothers died in 1938 leaving five children, so that when the widow died, there were one brother and nine nephews and nieces of testator.
The residue seems to consist largely, if not entirely, of *Page 30 
personalty. The widow died testate, leaving the appellant George B. Bailey as executor of her will, and he, in the language of the opinion below "contends that the widow was the sole next of kin within the meaning of the statute in force in 1924" providing that "II. In case there be no children, nor any legal representative of them, then the whole of the said estate shall be allotted to the husband or widow, as the case may be, of the said intestate." Cum. Supp. Comp. Stat. 1924 p. 2629 ¶ II, nowR.S. 3:5-3 in slightly modified form.
The Vice-Chancellor concluded, and as we consider properly, that by the language of the will it was "clear that testator intended to limit his widow to a mere life estate in the residue" and that the clause establishing a remainder to his next of kin in equal shares after death of the widow, was persuasive of an intent that the interest of the widow be limited to a life estate in enjoyment. In this aspect the case seems parallel with the decision in Oleson v. Somogyi, 90 N.J. Eq. 342; affirmed in93 N.J. Eq. 506, where the will gave a life enjoyment to the son, and directed that after his death the executors distribute
the estate among the legal heirs and next of kin of the testatrix.
We conclude that the court below correctly construed the will in this regard, and the decree under review will accordingly be affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.
For reversal — None. *Page 31