# CHARLESTON.

SUTER, GUARDIAN *v.* SUTER *et al.*

Submitted June 5, 1909. Decided February 21, 1911.

1. WILLS—*Construction—Vested or Contingent Estates.*

   The law favors the vesting of estates. Though a devise be clearly conditional, the condition will be construed, when possible, as a condition subsequent, so as to confer an immediately vested estate subject to be divested on the happening of the contingency.

2. MARRIAGE—*Presumption and Burden of Proof.*

   A marriage may be proved by circumstances, reputation, conduct of parties and cohabitation, and a presumption of marriage arising from cohabitation apparently matrimonial, especially where the legitimacy of a child is involved, is so strong that it may be overcome only by cogent proof on the part of him who alleges the illegitimacy.

3. PARTITION—*Parties—Guardians.*

   A guardian may maintain a suit for partition on behalf of his ward.

(BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Marshall County.

Bill by Jennie V. Suter, guardian of Gertrude W. Suter, against Jennie V. Suter, Norman Suter, and others. From the judgment, defendant Norman Suter appeals.

*Affirmed.*

*J. M. Ritz* and *T. S. Riley,* for appellant.

*Martin Brown,* for appellee.

ROBINSON, JUDGE:

William Suter died, testate, in the year 1890, seized and possessed of about one hundred acres of valuable land. He devised all this land and other property to his widow for the period of her life. The will further provided: "At the death of my said wife I bequeath and devise said property or what remains thereof to my sons Albert Suters, Norman Suters, and William G. Suters on the following Conditions: that is to say: (The conditions set forth here are that legacies of $300 each shall be

paid by the devisees to other children of the testator at periods specified, extending from three years after the death of the wife to ten and one-half years thereafter). Now be it remembered that if from any cause whatsoever either two or even either one of my said sons shall make the aforesaid payments in case the other one or other two, shall fail then and in that case the one or two that makes said payments shall be the possessor or possessors of said property, provided he or they shall pay to his one or ones who fail to make their equal proportion of said payments the sum of three hundred dollars each at the expiration of twelve years from the death of my said wife."

Albert Suter, named as a devisee in the will, died in 1893. By a will he devised: "That the interest in my father's real estate including mill shall go to Norman Suter and William Suter my half brothers they paying to the heirs of my father the money which shall fall due them by the provisions of my father's will." In another clause he directed that Norman and William Suter should pay specified sums of money at stated times to certain heirs of his father in addition to the sums directed to be paid by his father's will.

William G. Suter, devisee under the will of William Suter, the elder, and under the will of his half brother Albert, died in the year 1899, intestate.

The widow of William Suter, the elder, died in the year 1905. At her death of course the life estate in the land ended. This suit is one for a partition of the land. It was instituted after the death of the widow and life tenant, on behalf of an infant, Gertrude W. Suter, alleged to be the sole heir of William G. Suter, who, as we have observed, was a devisee of an interest in the land. The plaintiff in the suit is the regularly appointed guardian of that infant. The guardian claims for her ward one-half of the land, asks that the tract be equally partitioned between Gertrude W. Suter and Norman Suter, and shows a readiness to comply with the conditions imposed on the ownership.

The right of this infant to ownership in the land and partition thereof is strongly contested by Norman Suter. By his answer he invokes a construction of the will entitling him to the tract as a whole; and, in any event, he denies that Gertrude W. Suter is the legitimate child and heir of his deceased brother, William G. Suter. Further, he insists that a suit for partition

in favor of an infant cannot be maintained by its guardian. The circuit court held that the land should be partitioned equally between Norman Suter and the heir of William G. Suter, subject to the payments which the testator, William Suter, directed to be made by those to whom it should ultimately go. From the decree, Norman Suter has obtained an appeal.

Logically the first question is: Who owns the land under the terms of the will and the circumstances that have followed the devise? A proper construction of the will is, that the land vested in the three brothers at the death of William Suter, the testator, subject to the life estate and the respective rights of these devisees to elect, at the termination of the life estate, to hold the land burdened with the obligations for the payments directed to be made by those who ultimately take it. The land vested in these three devisees at once upon the testator's death, subject to a condition subsequent as to each. And at the death of either of the devisees in whom it so vested, his rights and interest went to his heirs or devisees, accompanied by the same condition subsequent. When the time came, by the ending of the life estate, to take the land into possession and make the payments, those in whom it had then become vested subject to the conditions subsequent could divest themselves by a failure to comply with the conditions.

The intention of the testator must prevail. But a testator speaks by the terms of his will read in the light of the law. The conditions imposed by the will of William Suter are not to be considered as precedent; they are subsequent. The estate vested in the devisees named, subject to the performance of these conditions. The law favors the vesting of estates. Devises are always held to be vested, except estates in the devise of which a condition precedent is so clearly expressed that to treat them as vested would be in direct opposition to the intention of the testator. Though a devise be clearly conditional, the condition will be construed, when posible, as a condition subsequent, so as to confer an immediately vested estate, subject to be divested on the happening of the contingency. *Sellers* v. *Reed,* 88 Va. 377.

William Suter did not say in his will, as is contended by appellant, that the estate in the land should only vest at the time the making of the payments was finally consummated; nor

did he say therein, as further contended, that the right to take the land and perform the conditions was merely personal to the sons and could not go to their heirs, devisees, or alienees. He directed the payments to be made at periods extending long after the termination of the life estate. Surely, he did not mean the estate to remain uncertainly vested for years after the death of the widow, awaiting the consummation of a fact as to who should comply in making the payments. The provision that if one or two of. the devisees make the payments, they are to hold the land and shall make a further payment to the one or two who fail, indicates clearly that the testator meant to give each of the three devisees ·the right to elect whether he would hold an interest in the land, vested in him on such condition, or decline to hold the same and claim money in its stead. And evidently the testator meant that this right to elect should be exercised when the time for its exercise naturally arose—at the time when the life estate should end and that ending call on the vested devisees to take possession of the estate and make the payments.

An interest in the land having vested in William G. Suter before his death, that interest would descend to his heir. Though subject to a condition, that interest would descend identically as vested in him. The heir may take the land and perform the condition, or the heir may decline or fail to perform the condition and thus .divest herself, just as the ancester could have done. 2 Minor's Inst. (4th Ed.) 278; 2 Washburn Real Prop., section 951.

Albert Suter died before the time came when he should elect to perform the condition. He delegated to his co-devisees, by making them his own devisees, his right to elect to hold or to divest himself. They may decline to elect. for him, as they have done, because of the burdens which. he sought to impose, and may hold the land under their own original rights as has been decreed.

The evidence, from circumstances, reputation, conduct of the·parties, and cohabitation apparently matrimonial, sufficiently proves a marriage between William G. Suter and the mother of the infant for whom an interest in the land is' claimed. The evidence clearly establishes a presumption that the marriage was legally performed. This presumption has not been over-

come. The law assumes such conduct of the parties as is proved in this case to be moral rather than immoral. Under such circumstances as are shown, the law will not illegitimatize a child. It put the burden of proof on him who alleges illegitimacy: "It is not ordinarily possible to prove a marriage by persons who were present at its solemnization. And if the law allowed no evidence except what is thus direct, most marriages would be at the mercy of any one who might be tempted to destroy them. Largely, therefore, in the practice of our tribunals, marriages are proved by presumptions, which, originating in natural reason and justice, have been found in accord with the reason and justice of the law, and indispensable in judicial affairs." 1 Bishop on Marriage and Divorce, section 928.

It is settled law that a guardian may maintain a partition suit on behalf of his ward. 1 Hogg's Eq. Pro., section 74; 1 Barton's Ch. Pr., section 99; *Zircle* v. *McCue,* 26 Grat. 517; *Redd* v. *Jones,* 30 Grat. 133. The holding in *McMullen* v. *Blecker,* 64 W. Va. 88, is not to the contrary. That case relates to rights under a contract. It was not a suit on behalf of an infant for partition.

We are of opinion to affirm the decree.          *Affirmed.*