# CHARLESTON.

### MILLER v. MILLER *et al.*

### Submitted May 22, 1915.    Decided May 25, 1915.

1. MARRIAGE—*Proof—Matrimonial Habit and Repute—Suit for Dower.*

   In a suit for dower, wherein it is denied that the claimant is widow, direct evidence of the marriage is not necessarily requisite. Proof of matrimonial habit and repute may suffice to raise a presumption sufficiently establishing, in the absence of rebuttal, that the parties were lawfully married.   (p. 353).

2. SAME—*Recognition of Validity—Dower.*

   As a general rule, a marriage contracted in another state pursuant to the law thereof, though not according to our law, will be recognized so as to entitle a widow to dower in lands in this state.   (p. 355).

3. WILLS—*Failure to Renounce—Waiver of Right of Dower.*

   A widow is not barred of her dower right for failure to renounce a will of her husband which makes provision for her, unless from

the will the intention clearly appears that the provision is in lieu of dower. (p. 355).

Appeal from Circuit Court, Mason County.

Suit by Lavinia Miller against Harry T. Miller and others. From a decree for plaintiff, defendants appeal.

*Affirmed.*

*T. J. Bryan, C. E. Copen,* and *E. S. Doolittle,* for appellants.

*Cherington & Cromley,* and *Somerville & Somerville,* for appellee.

ROBINSON, PRESIDENT:

Is Lavinia Miller, the plaintiff, entitled to dower in land of which Henry L. Miller died seized and possessed? This is the sole question presented by the appeal. As against those to whom Henry L. Miller devised the land, the plaintiff prays an assignment to her of dower therein, alleging that she is his widow. The defendants answer and deny that the plaintiff is his widow. They assert that the plaintiff and Henry L. Miller were at no time married. Upon this issue and the depositions of witnesses submitted by the plaintiff to maintain the same on her part, the defendants offering no evidence, the court has decreed in accordance with the prayer of the bill.

(1) By this appeal the defendants say that the evidence does not prove a marriage. It is true that a marriage is not directly proved. But circumstances, conduct of the parties, cohabitation apparently matrimonial, and general marital repute, so establish a presumption that a legal marriage existed between the parties, that it must be taken as true since there is not a word to rebut it. The marriage is proved by the matrimonial habit of the parties, their long cohabitation and mutual recognition of one another as husband and wife, and their pronounced reputation as such. Neither the production of a registry or certificate of the marriage, nor the evidence of witnesses present at its celebration, was absolutely necessary. Wigmore on Evidence, secs. 268, 1602, 2083, 2505; 2 Greenleaf on Evidence, secs. 460-464; 1 Bishop on Marriage, Divorce, and Separation, sec. 928, *et seq.*

It appears that through a long course of years Henry L.

Miller lived with and recognized Lavinia Miller as his wife in every way that a man ordinarily recognizes a woman as his wife. In his last will and testament he called her that and provided for her as his wife. The habit of the parties was that of lawful husband and wife. Each at all times admitted and recognized the other to be lawful consort, even in the deliberate execution of conveyances. The general repute was that they had been lawfully married. Nothing appeared that was inconsistent with such relation. Shall we then say that all this was false and immoral, simply because proof of the exact place, manner, and details of the marriage were not proved by the plaintiff? The evidence establishes a presumption which must stand in the absence of anything to overthrow it. The principle of our holding in a former case is in point: "A marriage may be proved by circumstances, reputation, conduct of parties and cohabitation, and a presumption of marriage arising from cohabitation apparently matrimonial, especially where the legitimacy of a child is involved, is so strong that it may be overcome only by cogent proof on the part of him who alleges the illegitimacy." *Suter* v. *Suter,* 68 W. Va. 690.

The evidence is plainly sufficient to prove that somewhere and at some time the parties were legally married, whether the marriage was a common-law or a ceremonial one. Whatever the form of marriage may have been, the subsequent admissions and conduct of the parties, together with their local repute, create a presumption that the marriage was legal by the law of the place where the marital union began, It may be, as is argued, that it is not proved that the parties consummated a common-law marriage, such as is recognized by the laws of Ohio, where they resided. Nevertheless, the evidence is sufficiently presumptive to establish that somewhere and somehow the parties were legally united, either by consent or by ceremony, as the local laws required. Wigmore on Evidence, sec. 2505.

The mere fact that the plaintiff did not testify, does not affect the weight of the evidence offered. Even if under our statute she was competent as a witness to the fact of the marriage as against the devisees of the land, a question we need not decide, her testimony was not requisite. For, "in

proceedings for dower, the proof of marriage by the register, or by the testimony of witnesses, is not considered the only best evidence within the 'rule which requires such evidence to be produced, or its non-production accounted for. Notwithstanding the existence of this evidence, marriage may be proved by reputation and declarations, and may also be presumed from circumstances." 2 Scribner on Dower, (2nd ed.) 206.

(2) Both by the law of Ohio, where the parties maintained their matrimonial domicile, and by the law generally, the evidence in this case affords presumptive proof of a valid marriage. No matter where the marriage was contracted, or what its form, presumptively from the facts and circumstances proved, it was done legally by the law of the place. As a general rule, marriage contracted in another state pursuant to the law thereof, though not according to our law, will be recognized so as to entitle a widow to dower in lands in this state. It is not unusual to award dower to a widow who was legally married elsewhere by very different form and requirements than those prescribed by our law. This is only regognition of the general rule that "a marriage, valid or void by the law of the place where it is celebrated, is valid or void everywhere." 2 Kent's Commentaries, 92.

(3) The will of Henry L. Miller, as we have remarked, made provision therein for his wife. Though she did not renounce the will, this did not bar her dower right. The will contains not a word about the provision to the wife being in lieu of dower. No such intention can be ascertained from it. Her claim of dower is in no way inconsistent with any provision of the will. She is entitled both to the testamentary provision made for her and to dower in the land. *Douglas* v. *Feay*, 1. W. Va. 26; *Shuman* v. *Shuman*, 9 W. Va. 50; *Cunningham* v. *Cunningham*, 30 W. Va. 598; *Sperry* v. *Swiger*, 54 W. Va. 283.

The decree is in every way warranted by the record. It will be affirmed.

*Affirmed.*