# CHARLESTON.

## COWHERD v. FLEMING *et al.*

### Submitted May 6, 1919.  Decided May 13, 1919.

1. PERPETUITIES—*Life Estate and Remainder—Vesting of Estate.*

   By his will a testator gave, devised and bequeathed to his executors in trust for his daughter during her natural life time all his property real and personal, and provided that after her death whatever remained should go to his lawful heirs, manifestly intending his grandchildren, excepting those specifically named, and also provided that said estate should be held in trust by his executors for twenty-five years, and after eight years and not until then his daughter should be paid a certain sum per annum for the remainder of the trust period, after which period said property should "vest" in his daughter for her life time, and after her death whatever remained he willed, devised and bequeathed to those so designated as remaindermen. Properly construed the life estate and also the estate in remainder given by the will vested at the time of the testator's death and were not postponed except in possession beyond the period of the trust thereby created. (p. 227).

2. WILLS—*Construction—Technical Words.*

   The general rule that technical words are presumed to have been used in their technical sense does not control when considered

in conjunction with other expressions of an instrument a different meaning was manifestly intended. (p. 230).

3. SAME—*Construction—Avoidance of Intestacy—Technical Words.*
   If possible a will should be so interpreted as to avoid intestacy, and in such cases the context should control technical words, and not the words the context. (p. 230).

Appeal from Circuit Court, Taylor County.

Bill by Carrie A. Cowherd against O. J. Fleming and others. From a decree for plaintiff, defendants appeal.

*Reversed and bill dismissed.*

*Blue & McCabe,* for appellants.
*John L. Hechmer* and *J. Guy Allender,* for appellee.

MILLER PRESIDENT:

The executors of the will of the late Leonard Mallonee obtained this appeal from the decree below pronounced on the bill and their demurrer and answer thereto, adjudging said will to be void under the laws of the state, because violative of the rule against perpetuities, and that plaintiff being the sole surviving heir at law of decedent was entitled to the whole of said estate, and referring the cause to a commissioner to ascertain said estate and for a settlement of the accounts of appellants.

The provisions of the will including those regarded as voiding it under the ancient rule against restraints upon alienation and remote vestments of estates, are as follows:

"I give devise and bequeath my said executors, in trust, for my daughter Carrie A. Cowherd, during her life time, all of my property, real, personal, mixed, stocks, bonds, money, and all other property whatsoever, upon the condition hereinafter set out.

"I direct that said executors shall cause all of said property to remain intact as it shall be at my death, unless they shall agree that it is for the best interest of my estate that it, or some part of it, should be otherwise disposed of, in which case they are empowered to dispose of any part of it they

shall think is to the best interest of my said estate; I also direct that my said executors shall have the power to invest any money which may come into their hands at the time of my death or at any time thereafter in such manner as they shall deem for the best interest of my estate, but I direct that all money belonging to said estate not so invested shall be deposited in the First National Bank of Grafton, West Virginia.

"I have heretofore advanced certain amounts of my estate in both money and property to my daughter Carrie A. Cowherd, and at my death she will receive $8,000 in life insurance which is payable to her; said advancements and said insurance I deem should be sufficient to support her comfortably for 8 years after my death; and I therefore direct that after eight years after my death, and not before the expiration of said eight years, my said executors shall pay to my said daughter, Carrie A. Cowherd, the sum of $600.00 per year out of my said estate for a period of 17 years, making a total of 25 years after my death, after which 25 years said property shall vest in my said daughter for her life time; and after her death, whatever property remains, I will, devise and bequeath to my lawful heirs and distributees other than my granddaughters Cornelia H. Cowherd, Katherine S. Cowherd and Carrie A. Cowherd, which three granddaughters shall take no part of my estate; but should my said daughter die within 25 years after my death, then said executors shall hold said estate intact in trust for my said heirs and distributees other than Cornelia H. Cowherd, Katherine S. Cowherd and Carrie A. Cowherd until the end of said period of 25 years, after which it shall vest in the said heirs and distributees other than Cornelila H. Cowherd, Katherine S. Cowherd and Carrie A. Cowherd."

We think it plainly apparent from these provisions of the will that the plan or scheme of the testator was to give his entire estate to his daughter Carrie, his only child, for life, with remainder to her children, erroneously described as his heirs, excepting the three granddaughters mentioned, but to be held by his executors in trust as provided, for twenty-five years, and for the reason assigned, postponing possession

and the full usufruct thereof for the period of the trust in any event. That the testator meant grandchildren when he made use of the words "my lawful heirs and distributees" is plainly manifest by the context, for he specifically excepts three granddaughters from the class of persons named as remaindermen. His intention is thus made clear; there is no room left for doubt or uncertainty.

That such was the plain purpose of the testator we do not see how there can be any doubt. Are the words employed in the will competent to work out this result and avoid the rule invoked against it? We think they are. The only argument presented against this construction is that by force of the words of the third paragraph quoted, "after which 25 years said property shall vest in my said daughter for her life time," and those following the provision conditioned on the death of the daughter within the period of the trust and the expiration thereof, namely, "after which it shall vest in the said heirs and distributees other than" etc., the testator thereby postponed vesting of the life estate in the daughter as well as the estate in the remainder beyond the period of a life in being and twenty-one years and ten months. But if, as we may, we read the words of the third paragraph first quoted in connection with the first paragraph giving a life estate to Mrs. Cowherd, it is clear that the testator meant that the estate for life and the estate in remainder should both vest immediately on his death, but to postpone possession and full enjoyment during the period of the trust. So transposed the will would read: "I give, devise and bequeath to my said executors, in trust for my daughter Carrie A. Cowherd during her life time all my property real, personal, mixed, stocks, bonds, money and all other property whatsoever, and after her death whatever property remains I will, devise and bequeath to my lawful heirs and distributees other than my granddaughters" etc. Of course, if we should give to the words "vest" and "heirs" used in these clauses their strict technical meaning, contrary to the mani-

fest purpose of the testator, the result might be different, but this would do violence to the plain intent of the testator.

The general rule invoked, that technical words are presumed to have been used in their technical sense, has very little, if any, application, if when considered in conjunction with other expressions or provisions of the instrument a different meaning was manifestly intended. *Hinton* v. *Milburn's Ex'rs,* 23 W. Va. 166; *Baer* v. *Forbes,* 48 W. Va. 208; *Collins* v. *Feather,* 52 W. Va. 107. And where, as here, the same word is used in several places in the instrument, it is to be understood in the same sense. *Tomlinson* v. *Nickell,* 24 W. Va. 148, 149. But, as this case holds, even this rule has its exceptions; that if a word having a technical meaning is accompanied by a context in a clause showing that the testator did not intend it to be understood in its technical sense, but when used in another clause in reference to a different subject unaccompanied by anything explanatory of it, it is to receive its technical meaning.

There is a presumption against intestacy, and as our cases hold, general and indefinite language in a will is aided by this presumption. The presumption is that when a testator makes a will he intends to dispose of his whole estate, and if possible the will should be so interpreted as to avoid total or partial intestacy. *Wildell Lumber Co.* v. *Turk,* 75 W. Va. 26, and cases cited. The theory of the decree that by the provisions of the will vesting of both the life estate and the estate in remainder were postponed for twenty-five years, the period of the trust, does not well comport with the provision for payment by the trustees to Mrs. Cowherd after eight years of the sum of six hundred dollars per annum for the remainder of that period, nor with the clause providing that if then living she should come into full possession and control of the whole estate. Nor is it consistent with the plain gift of the life estate in the first paragraph, for the condition following limiting the enjoyment thereof for twenty-five years can in no way affect the vesting of the estate. There is here no restraint on the power of alienation of the estate given,

so as to bring the devises and bequests within the rule, and there is a well defined and specific disposition by the testator of his whole estate. Shall we allow his will to be defeated by technical words, and render him intestate? The rule, as already indicated, is that in such cases the context will control the words, and not the words the context, where the context renders the meaning clear. *Hope Nat. Gas Co.* v. *Shriver*, 75 W. Va. 401. The law favors vesting of estates, and when conditional, the condition, when possible, will be construed as a condition subsequent, so as to confer immediate vesting of the estate. *Suter* v. *Suter*, 68 W. Va. 690. Where the language of the will is as clear and certain as in this case, we have little need for calling into requisition rules of construction. In such cases the courts have nothing to do but to carry it into effect. *Couch* v. *Eastham*, 29 W. Va. 784.

What the rights of the remaindermen may be, as to the possession of property devised to them, in the event of the death of the life tenant within the period of the trust created in the trustees, a contingency not now involved, we do not undertake to decide. That question we properly reserve as involving a condition which may never arise, and it should not be anticipated and concluded by this decision. *Prichard, Trustee,* v. *Prichard et al.,* 83 W. Va. 652, 98 S. E. 877.

Our conclusion is to reverse the decree and dismiss the bill.

*Reversed and bill dismissed.*