# CHARLESTON.

MAGGIE JACKSON *v.* STATE COMPENSATION COMMISSIONER

(No. 6398)

Submitted November 13, 1928.    Decided November 20, 1928.

*James M. Mason, III,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for Commissioner.

HATCHER, JUDGE:

Allen Jackson and Margaret Lemon were ceremonially married in the State of Alabama on February 11, 1917. They

lived together there as husband and wife until in April, 1924, when she left him and instituted a suit for divorce. Pending the determination of the suit they made up and re-assumed marital relations. Some time afterwards, to-wit, on July 25, 1924, a final divorce decree was enrolled. She says this was done without her knowledge, she being under the impression that the decree would not be entered until she paid her lawyer and she had not paid him. According to affidavits submitted by her she and Allen continued to live together as husband and wife (in ignorance of the divorce decree) until about April 21, 1927, when he came to West Virginia to seek employment. He obtained service with the New England Fuel and Transportation Company at Everrettsville, West Virginia, where he was killed while in the performance of his duties on April 30, 1927. That company is a subscriber to the Workmen's Compensation Fund. Maggie claims compensation as a dependent common law wife. Her claim was rejected by the compensation commissioner.

In Alabama common law marriages are recognized. ''The common law mode of marriage is recognized in this State, and to constitute such marriage it is only necessary that there should be a mutual consent between the parties to be husband and wife, followed by cohabitation and living together as husband and wife; and upon the establishment of such relation, there is a lawful marriage without regard as to what the parties consider the legal effect of such relation to be.'' *Tartt* v. *Negus,* 127 Ala. 301; *Moore* v. *Heineke,* 119 Ala. 627; *Farley* v. *Farley,* 94 Ala. 501.

The commissioner refused Maggie compensation under the belief that common law marriages contracted in another state were not recognized in this state. A common law marriage entered into within this state is not valid. But such a marriage, consummated in a state where it is valid, between parties not forbidden to marry by our statutes, will be recognized here, so as to entitle a dependent widow thereof to participate in the benefits of the workmen's compensation fund. See *Miller* v. *Miller,* 76 W. Va. 352. The commissioner did not pass upon the sufficiency of the proof of this marriage. At his request we refer the case back to him for investigation

of that question. He is admonished, however, that here the parties had been conventionally married. If their relation continued after the divorce decree in manner alleged by Maggie, theirs was not a mere case of libidinous conduct masquerading under the cloak of informal marriage, but a union existing by reason of a bona fide belief that they were husband and wife. Therefore, the requirements of a common law marriage should be liberally construed in favor of their relation.

The order of the commissioner is accordingly set aside, and the case is remanded for his investigation.

*Order set aside; case remanded.*