JUNE SPRADLIN, WIDOW OF ULYSSES D. SPRADLIN

*v.*

STATE COMPENSATION COMMISSIONER
AND POCAHONTAS FUEL COMPANY, INC.

(No. 12018)

Submitted April 13, 1960.      Decided May 4, 1960.

R. L. Theibert, for appellant.

No appearance for appellee.

HAYMOND, JUDGE:

In this proceeding the claimant, June Spradlin as the widow of Ulysses D. Spradlin, seeks an award

of the benefits accruing from his death to which she claims to be entitled under the provisions of Section 10, Article 4, Chapter 23, Code, 1931, as amended. By order entered August 20, 1959, the State Compensation Commissioner denied the claim on the ground that the marriage between the claimant and Ulysses D. Spradlin, the decedent, was void. On review by the Workmen's Compensation Appeal Board, by order entered January 22, 1960, the action of the State Compensation Commissioner was affirmed and the claim was rejected. This review of the foregoing order of the appeal board was granted February 22, 1960, upon the application of the claimant.

Ulysses D. Spradlin, an employee of Pocahontas Fuel Company at its Bishop mine, was killed in a mining disaster in this State on October 27, 1958, and his death occurred in the course of and resulted from his employment by that company. The claimant and Ulysses D. Spradlin were married by the judge of a county court in Pike County, Kentucky, on July 20, 1946, by virtue of a marriage license issued by the clerk of the county court of that county on that date. Though the marriage ceremony was performed in Kentucky neither party to the marriage was domiciled in that State. Before the marriage Ulysses D. Spradlin worked for about one month at Weeksbury, Kentucky, and while working at that place resided at a clubhouse near the mine at which he was employed. Almost immediately after the marriage ceremony the claimant returned to her home in McDowell County, West Virginia, where she was joined by Ulysses D. Spradlin about two weeks later when he obtained employment in West Virginia. From that time until his death on October 27, 1958, a period of approximately twelve years and three months, he and the claimant lived together as man and wife. Two children were born of the marriage and Ulysses D. Spradlin supported the claimant and their two children and maintained a home for them until his death. The next day after the death of Ulysses D. Spradlin his sister came to

the home of the claimant, told her that she had come to take his body to Kentucky for burial, and at that time informed the claimant that he had been married in Kentucky before his marriage to the claimant. This was the first word of any such marriage ever given the claimant and the only information which she has concerning any prior marriage to which he was or may have been a party. The record in this proceeding contains no affirmative evidence of any prior marriage of Ulysses D. Spradlin and there is no copy of any marriage license or certificate which shows that he was ever married to any person other than the claimant. The record does, however, contain a certified copy of a decree entered February 1, 1949, by the Circuit Court of Johnson County, Kentucky, which granted Eula Spradlin a divorce from U. D. Spradlin but the record contains no evidence to identify U. D. Spradlin as Ulysses D. Spradlin.

Paragraph 3, Section 402.010, Kentucky Revised Statutes Annotated, 1943 Baldwin Revision, provides that marriage is prohibited and void where there is a husband or wife living from whom the person marrying has not been divorced. On the basis of this statute, and the assumption that there had been a valid prior marriage between Ulysses D. Spradlin and some person other than the claimant and that the subsequent marriage between Ulysses D. Spradlin and the claimant under the law of Kentucky was null and void, the commissioner and the appeal board refused to recognize the status of the claimant as the widow of Ulysses D. Spradlin and denied her claim for the benefits provided by statute for a dependent widow of a deceased employee.

The general rule supported by the great weight of authority is that a marriage which is valid in the jurisdiction in which it is contracted or celebrated will be regarded as valid everywhere, unless it is contrary to the statutes or the public policy of the jurisdiction in which it is subjected to attack. *Jackson v. State Compensation Commissioner*, 106 W. Va. 374,

145 S. E. 753; *Miller v. Miller,* 76 W. Va. 352, 85 S.E. 542; *Toler v. Oakwood Smokeless Coal Corporation,* 173 Va. 425, 4 S. E. 2d 364, 127 A.L.R. 430; *Heflinger v. Heflinger,* 136 Va. 289, 118 S. E. 316, 32 A.L.R. 1088; *Greenhow v. James,* 80 Va. 636, 56 Am. Rep. 603; *Fensterwald v. Burk,* 129 Md. 131, 98 A. 358, 3 A.L.R. 1562, writ of error dismissed, 248 U. S. 592, 39 S. Ct. 21, 63 L. Ed. 436; 35 Am. Jur., Marriage, Sections 168 and 172; 12 Michie's Jurisprudence, Marriage, Section 5. To the foregoing general rule, however, are these two well recognized exceptions: (1) Marriages deemed contrary to the laws of nature as generally recognized in Christian countries, such as polygamous and incestuous marriages; and (2) marriages postively forbidden by statute because contrary to local public policy. *Toler v. Oakwood Smokeless Coal Corporation,* 173 Va. 425, 4 S. E. 2d 364, 127 A.L.R. 430; *Kinney v. Commonwealth,* 30 Gratt. 858, 71 Va. 858, 32 Am. Rep. 690; *Fensterwald v. Burk,* 129 Md. 131, 98 A. 358, 3 A.L.R. 1562, writ of error dismissed, 248 U. S. 592, 39 S. Ct. 21, 63 L. Ed. 436. The rule that a marriage which is void in the jurisdiction in which it is contracted or celebrated is void everywhere is equally well established and is likewise supported by the weight of authority. 35 Am. Jur., Marriage, Section 168; *Norman v. Norman,* 121 Cal. 620, 54 P. 143, 42 L.R.A. 343, 66 Am. St. Rep. 74; *Leonard v. Braswell,* 99 Ky. 528, 36 S. W. 684, 36 L.R.A. 707; *Hutchins v. Kimmell,* 31 Mich. 126, 18 Am. Rep. 164; *Lando v. Lando,* 112 Minn. 257, 127 N. W. 1125, 30 L.R.A., N.S., 940; *Huard v. McTeigh,* 113 Ore. 279, 232 P. 658, 39 A.L.R. 528.

Under the foregoing rule that a marriage which is void in the jurisdiction in which it is contracted or celebrated is void everywhere, if the evidence was sufficient to establish a valid prior marriage between Ulysses D. Spradlin and some person other than the claimant, the question would arise as to whether the marriage between him and the claimant should be considered to be void in this State by virtue of the

Kentucky statute which declares such marriage to be void, although this Court has held that a subsequent bigamous marriage apparently performed in this State was, under Section 1, Article 2, Chapter 48, Code, 1931, voidable only and did not become void until so declared judicially by a decree of nullity. *Sledd v. State Compensation Commissioner,* 111 W. Va. 509, 163 S. E. 12, 80 A.L.R. 1424. Whether the status of such subsequent marriage between Ulysses D. Spradlin and the claimant would be controlled and determined by the Kentucky statute or the West Virginia statute as considered and applied in the *Sledd* case need not be and is not considered or determined in this proceeding for the reason that the evidence is entirely insufficient to establish the occurrence of any prior marriage between Ulysses D. Spradlin and any person other than the claimant. As already indicated the only testimony to establish such prior marriage is the hearsay statement of the claimant of the information given to her by the sister of Ulysses D. Spradlin that he had been previously married to some other person whose identity or whereabouts was not disclosed or revealed. There is no indication by any certified copy of a marriage license or a marriage certificate of the occurrence of any such prior marriage. The copy of a decree awarding a divorce to Eula Spradlin from U. D. Spradlin, without any showing that U. D. Spradlin and Ulysses D. Spradlin are the same person or any evidence to identify U. D. Spradlin as Ulysses D. Spradlin, does not sufficiently establish any prior marriage between Ulysses D. Spradlin and Eula Spradlin which was dissolved by the decree of divorce.

Inasmuch as the evidence utterly fails to establish any prior marriage between Ulysses D. Spradlin and any person other than the claimant, the marriage between him and the claimant, celebrated in Pike County, Kentucky, on July 20, 1946, will be presumed to be valid and recognized as such. When it appears that a marriage has been lawfully solemnized or con-

summated there is a strong presumption in favor of its validity, the burden of proof rests upon the person who asserts its invalidity, and its invalidity must be clearly proven. Section 2, Article 2, Chapter 48, Code, 1931; *Allen v. Allen*, 126 W. Va. 415, 28 S. E. 2d 829; *Pickens v. O'Hara*, 120 W. Va. 751, 200 S. E. 746; *Perkey v. Perkey*, 87 W. Va. 656, 106 S. E. 40; *Miller v. Miller*, 76 W. Va. 352, 85 S. E. 542; *Suter v. Suter*, 68 W. Va. 690, 70 S. E. 705, Ann. Cas. 1912B 405; 35 Am. Jur., Marriage, Section 204; 12 Michie's Jurisprudence, Marriage, Section 9. 35 Am. Jur., Marriage, Section 192, contains this statement: "It is one of the strongest presumptions of the law, grounded in public policy favoring or presuming morality, marriage, and legitimacy, that a marriage, once being shown, is presumed to be legal and valid, whether the marriage was a common-law marriage or a ceremonial one, and however it was celebrated, whether regularly or irregularly, or however proven, whether directly or by circumstantial evidence." See also 55 C.J.S., Marriage, Section 43c(1); Annotation IIa, 77 A.L.R. 730; Annotation IIa, 34 A.L.R. 646; *Osmak v. American Car and Foundry Company*, 328 Mo. 159, 40 S. W. 2d 714, 77 A.L.R. 722; *Brokeshoulder v. Brokeshoulder*, 84 Okla. 249, 204 P. 284, 34 A.L.R. 441; *Re Cox*, 95 Okla. 14, 217 P. 493, 34 A.L.R. 432. The determination of the validity or the invalidity of a marriage is a judicial function and an administrative officer, such as the State Compensation Commissioner, is without authority to investigate and determine the validity or the invalidity of such marriage. Section 2, Article 2, Chapter 48, Code, 1931; *Sledd v. State Compensation Commissioner*, 111 W. Va. 509, 163 S. E. 12, 80 A.L.R. 1424. As to the status of the State Compensation Commissioner as an administrative agency or tribunal rather than a judicial officer or tribunal, see also *West Virginia State Bar v. Earley*, 144 W. Va. 504, 109 S. E. 2d 420, and the cases dealing with that question cited in the opinion in that case.

The evidence establishes a marriage between the claimant and Ulysses D. Spradlin and fails to establish

any previous valid marriage between him and any person other than the claimant. Consequently the marriage between the claimant and Ulysses D. Spradlin must be held to be valid and the claimant must be regarded as his dependent widow and, as such, entitled to the benefits provided by the applicable statute.

For the foregoing reasons the order of the Workmen's Compensation Appeal Board entered January 22, 1960 and the order of the State Compensation Commissioner entered August 20, 1959, rejecting the claim of June Spradlin as the widow of Ulysses D. Spradlin, deceased, are reversed and set aside, and this proceeding is remanded to the State Compensation Commissioner with directions that the claimant be awarded the benefits to which she is entitled under Section 10, Article 4 of Chapter 23, Code, 1931, as amended.

*Reversed and remanded with directions.*