ERNEST RASTLE, *et al.*

*v.*

FRANK W. GAMSJAGER, *et al.*

(No. 12595)

Submitted January 31, 1967. Decided March 14, 1967.

500

*John R. Haller, Linn Mapel Brannon,* for appellants.
*William L. Fury,* for appellees.

BERRY, JUDGE:

This is an action to construe the will of John Rastle, Sr., instituted in the Circuit Court of Lewis County, by Ernest Rastle, May Rastle, Marie Riley, Everett Rastle, Margaret Rastle, Marie Lowther, Harvey Ruppert, Ed Ruppert, Wallace Ruppert, Roy M. Ruppert, Maybelle Ruppert, Gary Ruppert, Eula Ruppert, Jessie Dailey, Hazel Blacksten, and John Rastle, against Frank W. Gamsjager, Henry C. Gamsjager, John M. Gamsjager, Alma Gallien, Ida R. Moore, Margaret Sue Olsen, Mary McMahon, Nancy Oehrle, John

F. Gamsjager, David B. Gamsjager, and Charles H. Gamsjager, Jr. The plaintiffs are descendants of three of the four children of the testator and the defendants are descendants of the fourth child of the testator. The object of the action is to determine the owners of the oil and gas interest on the Rastle farm on Fink's Creek in Lewis County, West Virginia. The Circuit Court entered a judgment in favor of the defendants on November 12, 1965, and upon application to this Court by the plaintiffs an appeal and supersedeas were granted on July 15, 1966. The case was submitted for decision on briefs of the parties at the January Regular Term, 1967, of this Court.

The will in question was dated June 25, 1903, was probated in the County Court of Lewis County in 1911, and in its entirety reads as follows:

"I, John Rastle, Sr., of Lewis County, West Virginia, do make this my last will and testament, as follows:

"(1) I desire that my body be buried in a manner consistent with my station in life.

"(2) My son, Frank Rastle, shall pay my funeral expenses and whatever debts I may owe at the time of my death.

"(3) I will and bequeath to my son, Frank Rastle, all the household and kitchen furniture, farm implements and tools of every kind, and stock that I may have upon the farm at the time of my death.

"(4) I, also, will and bequeath to my son Frank Rastle, the farm upon which I now live, on Fink's Creek in Lewis County, West Virginia, consisting of three small adjoining tracts, aggregating about one hundred and fifty acres of land, except the oil and gas and, also, the two seams of coal known as the Pittsburg and Freeport coal, the distribution of which I will hereinafter provide for.

"(5)   I desire that my son John Rastle have the use of the house, garden and lot, now in potatoes, where he now lives, and also, pasture on the farm for one cow, so long as he works in the oil field and continues to occupy the same himself, but when he ceases to work in said oil field, then his rights thereto shall cease and the same shall go to Frank Rastle.

"(6)   I, also, will and bequeath that my son, Frank Rastle, shall pay to my two daughters, Edeth and Catherine, and my son John, Five Hundred Dollars ($500.00) each at my death.

"(7)   I desire that all my notes, bonds, bills, claims and accounts, be collected and, together with whatever money I may have on hand at the time of my death, be equally divided among my four children.

"(8)   I desire that the two veins of coal known as the Pittsburg and Freeport seams, heretofore excepted in the devise of my land to my son Frank, shall be sold and the proceeds of said sale shall be divided equally among my four children, and if either of them be dead at the time said coal is sold, then, his or her interest shall go to his or her children; but before they can sell said coal a majority of them shall agree upon the terms and conditions of the sale thereof, and if there should be a tie among those living at the time, as to the said terms and conditions, then the oldest one living shall determine as to the sale thereof.

"(9)   And I further will and bequeath to my two sons, John and Frank Rastle, one-third, each of the royalty in oil and gas which I own in the two farms in Gilmer county, one of 38 acres and owned by Jasper N. Lamb, and the other of 32 acres and owned by Margaret C. Taylor and Susan J. Lamb, but if either of them die, then said interest is to go to his wife, and the remaining one-third to be divided equally among all four of my children.

"(10) I desire that my interest in the oil and gas that may be produced from the lands herein before devised to my son Frank, after my death be divided equally among my four children, but should one or more of them die during the time of any production of oil or gas from said farm, then the interest of such as die shall cease and the production from that time on shall be divided among those surviving, and if any one or more of by children offer to sell the royalty therein bequeathed to them in said farm, it shall forfeit as to him or them and said interest shall pass to the others of my said children.

"(11) I hereby appoint my son Frank Rastle as my executor of this will and desire that no surety be required of him as such.

"Witness my hand, this 25th day of June, 1903.

JOHN RASTLE, SR.

"Signed and published by John Rastle, Sr., as and for his last will, in the presence of us, who in his presence and in the presence of each other, have hereunto subscribed our names as witnesses.

W. A. EDWARDS
J. B. MITCHELL"

No evidence was taken during the trial of this case and it was disposed of on the pleadings and exhibits. It appears that from the pleadings and the court's opinion, which is made a part of the record, there were producing oil and gas wells on the property in question at the time of the institution of the suit, as well as before.

At the time of the death of John Rastle, Sr., about 1911, the exact date not being indicated in the record, he had four children. The last survivor of these four children was Edeth Frances Gamsjager, who died June 26, 1961. The plaintiffs involved here are the heirs of the three children who predeceased the fourth

child, Edeth Frances Gamsjager. The defendants are the heirs at law of Mrs. Gamsjager.

The issue involved is whether paragraph 10 of the will of John Rastle, Sr. gave to his four children the oil and gas in place on the 150 acre farm referred to in paragraph (4) of said will, or merely bequeathed to them a non-participating royalty from the oil and gas produced from any wells on the 150 acre farm.

It is the contention of the plaintiffs that paragraph (10) of the will merely gave to the four children and the survivors of the group in case of the death of any of the children the right to have the non-participating royalty from the gas produced from the well or wells so long as any child lived but that upon the death of the last child of John Rastle, Sr. the oil and gas *in place* would be owned by the heirs of all the children, by virtue of the fact that it was not disposed of by the will, and, therefore, he died intestate as to the oil and gas in place and the distribution thereof would be determined by the laws of descent and distribution.

It is the contention of the defendants that it was the intent of the testator, as indicated in paragraph (10) of his will, to give to his four children all of his interest in the oil and gas on the 150 acre farm, together with all royalties and income from any oil and gas produced thereon.

The plaintiffs rely on the case of *Davis v. Hardman,* 148 W. Va. 82, 133 S. E. 2d 77, to sustain their contention that paragraph (10) of the will bequeathed only a non-participating royalty to the four children. The holding in the *Davis* case pertaining to such matters as are involved in the case at bar is that a court must ascertain the true intent of the parties as expressed in the written instrument under consideration, whether it be a deed, lease or will, and whether it be by grant, devise or reservation. In the *Davis* case the instrument was a deed and the grantor conveyed to the grantees the right to lease the lands for oil and

gas, receive the bonuses and carrying rentals, and reserved to the grantor only a proportionate share of the oil and gas royalty when produced. It was clear from the wording of the deed in question that the intent was to reserve to the grantor only a non-participating royalty interest and it was so held. The *Davis* case, as stated above, involved a deed, and in addition to the clear wording contained in said deed, the rule is that deeds are always construed most strongly against the grantor and in favor of the grantee. 5 M. J., Deeds, §58; *Swope v. Pageton Pocahontas Coal Co.*, 129 W. Va. 813, 41 S. E. 2d 691; *Oakwood Smokeless Coal Corporation v. Meadows,* 184 Va. 168, 34 S. E. 2d 392.

In the instant case the instrument to be construed is a will, and different rules of construction are applicable. The fundamental rule in the construction of wills is that the intent of the testator must control if it does not conflict with an established rule of law. 20 M. J., Wills, §77; *Wheeling Dollar Savings & Trust Company v. Stewart et al.,* 128 W. Va. 703, 37 S. E. 2d 563; *Stephenson v. Kuntz,* 131 W. Va. 599, 49 S. E. 2d 235. One of the strongest presumptions in connection with the construing of wills is that the law does not favor intestacy. 20 M. J., Wills, §75; *National Bank of Commerce of Charleston v. Wehrle et al.,* 124 W. Va. 268, 20 S. E. 2d 112. This proposition is clearly stated in the case of *Cowherd v. Fleming et al.,* 84 W. Va. 227, 100 S. E. 84, in the third point of the syllabus, wherein it is stated: ''If possible a will should be so interpreted as to avoid intestacy, and in such cases the context should control technical words, and not the words the context.''

In the case of *Graham v. Graham,* 23 W. Va. 36, in the ninth point of the syllabus, this Court held: ''All the parts of a will are to be construed together, so as, if possible, to form one consistent whole.''

This Court, in the case of *In Re: Conley,* 122 W. Va. 559, 12 S. E. 2d 49, at page 562, stated: ''Wherever

possible to bring into operation a testator's intention, a court will give such construction to a will as to bring into effect every word or part thereof and such construction will be made as to avoid the creation of an intestacy."

Where a will is made it is presumed that the testator intended to dispose of his whole estate, and such presumption should prevail unless the contrary shall plainly appear. *Houser et ux. v. Ruffner, Adm'r, et al.* 18 W. Va. 244. Every provision of a will must be considered with other provisions of the will and the will must be considered as a whole. This well known rule of construction is clearly set out in the second point of the syllabus of *Ball v. Ball* 136 W. Va. 852, 69 S. E. 2d 55, in the following language: "In the construction of a will, a court should construe and consider all of the provisions of the will as a whole, in their relation to each other, and in the light of the circumstances which prompted testator to execute the will."

The term "royalties" is a confusing term because it has been used to designate the lessor's share of the oil produced under the lease, and also as a descriptive term in connection with a grant or exception of title to oil in place. See Donley, The Law of Coal, Oil and Gas in West Virginia and Virginia, §162a. In the case of *Toothman v. Courtney*, 62 W. Va. 167, 58 S. E. 915, it was held that the reservation of all the rental or royalty derived from the oil will reserve the oil in place. In the case of *Paxton v. Benedum-Trees Oil Co.*, 80 W. Va. 187, 94 S. E. 472, this Court held that a grant of royalty, rental and income arising from the production of oil from land is a grant of oil in place.

Under the authorities governing the question involved in the instant case, we will now look at the entire will in order to ascertain the intention of the testator as it appears in paragraph (10) of his will in the disposition of the oil and gas.

Paragraph (4) wills and "bequeaths" to his son Frank Rastle the farm on Fink's Creek in Lewis County, West Virginia, consisting of three tracts totaling about 150 acres of land, but the oil and gas, as well as two seams of coal, were specifically excepted with the following language relating thereto: "* * * the distribution of which I will hereinafter provide for." It will be noted that the testator used the word "bequeath" to devise real property, whereas, the technical word in connection with the disposition of real property is *devise*. It was provided in paragraph (6) that Frank Rastle, who was devised the farm, should pay to the other three children $500 each. In paragraph (8) the "distribution" of the two seams of coal which the testator said in paragraph (4) would be provided for "hereinafter" is clearly made. The testator stated it was his desire that the two seams of coal theretofore excepted in the devise of his land to his son Frank should be sold and the proceeds of the sale be divided equally among his four children; that if "either" of them be deceased at the time said coal was sold, then the interest of said child should go to said child's children. In paragraph (9) of the will the testator gave to his two sons, John and Frank, one-third of the royalty in the oil and gas that "I own" in two farms in Gilmer County which were owned by other people, indicating that the interest he owned which was referred to as "royalty" must have been the oil and gas in place.

When we come to paragraph (10) of the will, the language used by the testator was that he desired his interest in the oil and gas "that may be produced" from the lands he devised to his son Frank be divided equally at his death among his four children, but if one or more of them die during the time of any production of oil and gas from said farm then the interest of any one of his children who may have died should cease and the "production" from that time on shall be divided among those surviving; and that if any of the children offered to sell the royalty "be-

queathed'' to them in said farm they should forfeit such interest and it should go to his other children. In reading the will as a whole as required, *Ball v. Ball, supra,* it is clear that the testator by virtue of the provisions of paragraph (4) excepted the oil and gas, as well as the coal, in place, when he devised his farm to his son Frank. He further clearly stated that he would provide for the distribution thereof in the will. The distribution of the coal was clearly provided for in paragraph (8) which further clearly directed that if any of his four children died, such child's share of the sale of the coal should go to said child's children. Paragraph (10), the provision in the will under which the controversy in this action arose, provides for the distribution of the oil and gas which the testator likewise excepted when he devised his farm to his son Frank. He excepted the oil and gas without limitation, meaning thereby *in place,* and it is presumed that he did not intend to have any of his property go by intestacy or to make a partial disposition thereof when he later willed the same species of property he had previously excepted. *Cowherd v. Fleming, supra.* Thus it appears from the construction of the will as a whole that the testator's intent was to provide for the distribution of all his interest in the oil and gas by provisions made in his will; and when paragraphs (4) and (10) are read together, this intent not only appears, but is consummated. When the fundamental rule of construction of wills with regard to intent is applied, there being no inconsistent established rule of law involved, the intent as indicated in the will as a whole must control. 20 M. J., Wills, §77; *Wheeling Dollar Savings & Trust Company v. Stewart et al., supra; Stephenson v. Kuntz, supra.* Therefore, under the provisions of paragraph (10) of the will, considered in the light of the other provisions of the will, the last surviving child of the testator, Edeth Frances Gamsjager, acquired all of the oil and gas interest of the testator, that is, the oil and gas in place and the right to the royalty, rents or proceeds from the pro-

duction of the oil and gas from the 150 acre farm of the testator. Upon her death such interest would either go to her heirs or to whom she devised said interest if she had made a will. Therefore, the defendants who appear to be the heirs or beneficiaries of Edeth Frances Gamsjager must prevail in this proceeding.

It is also the contention of the plaintiffs that paragraph (10) of the will does not create a joint tenancy. This contention is not well taken because what is in effect a presumption of tenancy in common provided for in Code, 36-1-19, does not control if there are words indicating survivorship was intended as provided for in Code, 36-1-20. The language in paragraph (10) of the will clearly provides for survivorship to the surviving children as to the testator's interest in the oil and gas. See *DeLong v. The Farmers Building and Loan Ass'n.*, 148 W. Va. 625, 633, 137 S. E. 2d 11.

For the reasons stated herein, the judgment of the Circuit Court of Lewis County is affirmed.

*Affirmed.*