294 S.E.2d 195

**Phyllis Marie BYBEE**

v.

**Virgil Dale KINSER, et al.**

**No. 15326.**

Supreme Court of Appeals of West Virginia.

July 9, 1982.

McGraw, J., concurred and filed statement.

Harshbarger, J., dissented and filed statement.

Martorella & Martorella and Marjorie Martorella, Huntington, for appellants.

Baer, Napier & Colburn and Helen M. Morris, Huntington, for appellee.

PER CURIAM:

This action is before this Court from the final order of the Circuit Court of Wayne County, West Virginia, entered July 8, 1981, which order declared Phyllis Marie Bybee, appellee and plaintiff below, owner in fee simple of the property devised to her in the will of her mother, Berva E. Kinser, and granted appellee immediate possession of the property. Upon consideration of all arguments, written and oral, we reverse the circuit court and remand for further proceedings on the issue of intent.

On February 19, 1980, Berva E. Kinser executed her last will and testament. The substance of her devise and the subject of this controversy is contained in paragraph four of the will which reads as follows:

I give, devise, and bequeath my real estate and my homeplace, and all furniture and furnishings therein, unto my daughter, Phyllis Marie Bybee; and it is my desire that my son, Virgil Dale Kinser, and my son, Rodney Gene Kinser, shall have the right to live in said homeplace for their lifetimes or until they get married.

Appellee and appellants, Virgil Dale Kinser and Rodney Gene Kinser, were all living in the homeplace at the time of the death of the testatrix, February 21, 1980. They continued to do so until, as appellee alleged, she was forced to leave the homeplace because appellants became belligerent and threatened appellee and her family with bodily harm.

On July 24, 1980, appellee filed an action in the Circuit Court of Wayne County seeking a declaration of the rights of the parties named in the will and an interpretation of paragraph four of the will in an attempt to evict appellants from the property. In their answer, appellee's brothers, Virgil Dale Kinser and Rodney Gene Kinser, alleged that they were entitled to reside on the property inasmuch as their mother's will had devised them life estates.

In the action below, appellee asserted that the language of the will devised a fee simple absolute to her in the property and that the right of appellants to live there is discretionary on her part. At the trial, appellants attempted to show, through the use of extrinsic evidence, that the testatrix intended to provide for the well being of her sons after her death and had done so by giving them a life estate in the property.

The trial judge ruled that the words of the will were clear and unambiguous, therefore rendering extrinsic evidence improper. The trial court concluded in an amended order, filed July 8, 1981, that the language of the will "imposes an incompatible condition on the fee simple by words which are not as clear and decisive as the words of donation, and therefore gives nothing."[1]

1. We are unclear as to evidence that was introduced at trial because the proceedings below were not recorded.

On appeal,[2] appellant asserts that the lower court erred in ruling that the will of Berva E. Kinser gave defendants no life estate in the property and that it was error for the circuit court to refuse to hear extrinsic evidence as to the surrounding circumstances of the execution of the will in order to determine the intent of the testatrix. We agree to the extent that it was error for the lower court to exclude the extrinsic evidence as to the testatrix' intent.

 As this Court stated in syllabus point 1, *Farmers and Merchants Bank of Keyser v. Farmers and Merchants Bank of Keyser*, 158 W.Va. 1012, 216 S.E.2d 769 (1975): "The paramount principle in construing or giving effect to a will is that the intention of the testator prevails, unless it is contrary to some positive rule of law or principle of public policy." If the language of the will is clear, the intent of the testatrix can easily be ascertained from the words of the instrument. On the other hand, if the words are unclear and the lack of clarity is not apparent on the face of the will then the trial court must consider other evidence to dispose of the property in accordance with the intent of the testatrix. "Extrinsic evidence to establish the intention of a testator in the disposition of his estate is admissible only when there is a latent ambiguity in the will." Syl. pt. 1, *Weiss v. Soto*, 142 W.Va. 783, 98 S.E.2d 727 (1957).

 In the case before us, the phrase "it is my desire that my son ... shall have ...," in paragraph four of Berva E. Kinser's will, does not lend itself to a single interpretation. The statement is vague and indefinite due to the use of the words "desire" and "shall" in the same phrase purportedly giving appellant a life estate. It is unknown what the intent of the testatrix was at the time the will was executed without the aid of extrinsic evidence. As this Court stated in syllabus point 3 of *Rastle v. Gamsjager*, 151 W.Va. 499, 153 S.E.2d 403 (1967): "Wherever possible to bring into operation a testator's intention, a court will give such construction to a will as to bring into effect every word or part thereof and such construction will be made as to avoid the creation of an intestacy."

Based on the preceding analysis, this Court holds that it was error for the trial judge not to admit extrinsic evidence as to circumstances surrounding the execution of Berva E. Kinser's will. The order of the Circuit Court of Wayne County is, therefore, reversed and the case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Justice McGRAW concurs but concludes that the intent of the testatrix is clear that the sons should live in the homeplace for life or until marriage.

Justice HARSHBARGER dissents on the basis that the word "desire" is precatory.

Reversed and remanded.

**2.** After the trial, Phyllis Marie Bybee and Rodney Gene Kinser reconciled and Mr. Kinser was provided with property by Ms. Bybee on which to live. Virgil Dale Kinser, alone, pursues this matter on appeal.