392 S.E.2d 230

**Donald R. MATHENY, Administrator of the Estate of Carl M. Matheny and Shelba J. Boso**

v.

**Darrell M. MATHENY.**

No. 19112.

Supreme Court of Appeals of West Virginia.

April 13, 1990.

Malcolm B. Louden, Parkersburg, for Donald R. Matheny, Darrell M. Matheny.

C. Blaine Myers, Jr., Myers and Zivkovich, Parkersburg, for Donald R. Matheny, Adm'r of the Estate of Carl M. Matheny.

PER CURIAM:

This case is before the Court upon the appeal of Darrell M. Matheny, from a final order of the Circuit Court of Wood County. The appellees are Donald R. Matheny, administrator of the estate of Carl M. Matheny, and Shelba J. Boso.

Carl M. Matheny and Hilda A. Matheny were married, and executed a joint holographic will on January 21, 1965. This will, as set forth in the circuit court's opinion, provided, in pertinent part, as follows:

> This 21th day of January 1965 finds I Carl M. Matheny and Hilda A. Matheny in a good state of mind and being husband and wife....
>
> ... In case that both of us Carl and Hilda Matheny *should die or be killed at the same time* that Darrell Would get the favor because of his service to us and the lesser education all cars and trucks and farm machinery and equipment as he has already owns an interest also the Farm where we live of 104 acres....
> January 21, 1965.
> /S/ Carl M. Matheny
> /S/ Hilda A. Matheny
> Vincent L. Lowers
> Dorotha Lowers
> Witness

(emphasis supplied)

Hilda A. Matheny died in 1980. The will was probated on August 19, 1980. Carl M. Matheny died on March 21, 1987. Three children survived: the appellees, Shelba J. Boso and Donald R. Matheny, and the appellant, Darrell M. Matheny.

A dispute arose among the three children. The appellant, Darrell M. Matheny, contended that the joint will provided him the 104–acre farm, as well as certain vehicles, farm machinery, and equipment. The administrator of the estate brought a declaratory judgment action in the Circuit Court of Wood County in order to determine ownership of the property.

Both parties stipulated the material facts. No evidence was taken on the matter. On June 1, 1988, the circuit court entered a final order, concluding that Carl M. Matheny died intestate with respect to most of the property, and that all real and personal property vested in the three children, share and share alike, as tenants in common, except for $100 to each of the children as provided in the will.

The appellant contends that the will should have been offered for probate at the time of Carl M. Matheny's death in 1987 because: (1) Carl M. Matheny did not die intestate; and (2) it was the intention of Carl M. and Hilda A. Matheny to devise the farm and bequeath the vehicles, machinery, and equipment to the appellant.

Specifically, the appellant contends that the language of the will, "In case that both of us Carl and Hilda Matheny should die or be killed at the same time that Darrell Would get the favor because of his service to us and lesser education ...," entitles him to the farm, vehicles, and equipment.

The appellees, on the other hand, contend that because Carl and Hilda Matheny did not "die or be killed at the same time," and there were no other pertinent provisions to devise the farm, and bequeath the vehicles, and farm equipment to Darrell, the joint holographic will left the property to Carl M. Matheny upon Hilda A. Matheny's death in 1980. They further assert that Carl M. Matheny died intestate in 1987 with respect to most of the property because of that language. Consequently, under the law of descent and distribution (intestate succession) in this state, they conclude the appellant and appellees are now entitled to Carl M. Matheny's entire estate, share and share alike. *See W. Va. Code*, 42–1–1(a) [1957] and 42–2–1 [1931].

▮ Pursuant to *W. Va. Code*, 41–1–3 [1931],* "holographic wills are recognized in this state." *In re: Estate of Briggs*, 148 W.Va. 294, 298, 134 S.E.2d 737, 741 (1964). For a holographic will to be valid, it must meet three requirements: "*W. Va. Code*, 41–1–3, provides that holographic wills are valid in this State if they are wholly in the

---

* *W. Va. Code*, 41–1–3 [1931] provides:

No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, and of each other, but no form of attestation shall be necessary.

handwriting of the testator and signed. The third and final requirement for a valid holographic will in our jurisdiction is that the writing must evidence a testamentary intent." Syl. pt. 1, *In re Estate of Teubert*, 171 W.Va. 226, 298 S.E.2d 456 (1982).

Applying these requirements to the case before us, it is clear that a valid joint holographic will was made by Carl M. and Hilda A. Matheny in 1965.

In syllabus point 6 of *Weiss v. Soto*, 142 W.Va. 783, 98 S.E.2d 727 (1957), this Court held that "[t]he true inquiry in the construction of a will is not what the testator meant to express but what the words he has used do express." Although this is a correct proposition of law, we must nevertheless review the entire circumstances surrounding the making of the will in this case.

■ The will in this case was not drafted by a lawyer. Therefore, the following principle applies:

If a will was drafted by one who is not a lawyer, a court will be more inclined to assume that the will was written in the language of the lay person and will be more inclined to give effect to the language of the will in accordance with the subjective sense employed by the testator or testatrix, and not according to the technical meaning of the language.

Syl. pt. 3, in part, *Transamerica Occidental Life Insurance Co. v. Burke*, 179 W.Va. 331, 368 S.E.2d 301 (1988). *See Estate of Brunet*, 34 Cal.2d 105, 107–08, 207 P.2d 567, 568 (1949) (en banc); *Buchwald v. Buchwald*, 175 Md. 103, 111, 199 A. 795, 798 (1938); syl. pt. 2, *Anderson v. Gibson*, 116 Ohio St. 684, 157 N.E. 377 (1927); 80 Am.Jur.2d *Wills* § 1157 (1975).

■ In this case, it is clear that the holographic will was written in the language of lay persons, namely, Carl M. and Hilda A. Matheny. Therefore, this Court will not give effect to the technical meaning of the will's language, but, rather, to Carl M. and Hilda A. Matheny's subjective sense employed in writing the will. Moreover, "[i]n ascertaining the intention of the testator, the entire will should be considered." Syl. pt. 5, *Weiss v. Soto*, 142 W.Va. 783, 98 S.E.2d 727 (1957).

Reading the *entire* will, we are of the opinion that Carl and Hilda Matheny intended to leave each other his or her share of their estate upon the death of either, but also intended to provide for Darrell by leaving him the farm, vehicles, machinery, and equipment, regardless of whether Carl and Hilda Matheny died or were killed "at the same time." The language "should die or be killed at the same time" is inartful, but we are also of the opinion that the intention of the testators was to provide for Darrell because of his service to them.

■ We believe, therefore, that there is merit to the appellant's contention that the circuit court erred by concluding that Carl M. Matheny died intestate with respect to most of the property. " 'Wherever possible to bring into operation a testator's intention, a court will give such construction to a will as to bring into effect every word or part thereof and such construction will be made as to avoid the creation of an intestacy.' *In Re: Conley*, 122 W.Va. 559, 562 [, 12 S.E.2d 49, 51 (1940) ]." Syl. pt. 3, *Rastle v. Gamsjager*, 151 W.Va. 499, 153 S.E.2d 403 (1967). *See* syl. pt. 3, *Cowherd v. Fleming*, 84 W.Va. 227, 100 S.E. 84 (1919); 80 Am.Jur.2d *Wills* § 1133 (1975).

■ "The paramount rule in construing a will is that the intention of the testator controls and must be given effect, unless that intention violates some positive rule of law or public policy." Syl. pt. 4, *Weiss v. Soto*, 142 W.Va. 783, 98 S.E.2d 727 (1957).

It is clear in this case that it was the intention of both Carl M. and Hilda A. Matheny, when they executed a joint holographic will on January 21, 1965, to leave the appellant the 104–acre farm, the vehicles, machinery, and equipment. The testators' intention is very convincing when viewed in the context of the entire will, specifically, the following language in the will: "[T]hat Darrell Would get the favor because of his service to us and the lesser education[.]"

Based upon the foregoing principles, we hold that the testamentary instrument in this case is a valid joint holographic will which evidences an intent to leave the appellant, Darrell M. Matheny, the 104–acre farm, vehicles, machinery, and equipment.

Accordingly, the final order of the Circuit Court of Wood County is reversed, and this case is remanded for proceedings consistent with this opinion.

Reversed and remanded.